WELSH, ET UX. *v.* WELSH

[No. 48, September Term, 1967.]

620

*Decided February 7, 1968.*

The cause was argued before HAMMOND, C. J., and HORNEY, BARNES, McWILLIAMS and FINAN, JJ.

*Leslie J. Clark,* with whom was *Edward J. Ryan* on the brief, for appellants.

*Horace P. Whitworth, Jr.,* and *Louis A. Fatkin* for appellee.

BARNES, J., delivered the opinion of the Court.

This appeal involves an action in ejectment arising out of a dispute over the location of lines of adjoining properties. It

is admitted that all parties have good record title to the respective tracts or lots designated in their deeds.

The appellee, Charles C. Welsh, brought an ejectment action at law in the Circuit Court for Allegany County (Getty, J.) against the appellants, Harry E. Welsh and Elizabeth Welsh, his wife, alleging that he was the owner and in possession of a tract of land called "Good Luck" and an adjoining half acre tract called "Brickyard," located in Westernport, Allegany County, Maryland, and that the appellants had constructed a garage and additions to that garage on these tracts of land. The jury found, *inter alia,* that the improvements owned by the appellants were located on property owned by the appellee.

In this Court, appellants make two arguments: (1) that it is impossible to ascertain from the jury's verdict the correct location of the disputed lines, and (2) that the trial court should have directed a verdict for the appellants since the testimony and plats of J. Maxwell Mathias, appellee's surveyor, were improperly admitted into evidence. We disagree with both contentions.

## (1)

In 1950, the appellants built a service station on what they thought was their land, relying on a survey made in 1949 by their surveyor Philip Hartig, Jr. In 1953 or 1954, Mr. Hartig made a second survey which shows that roughly *one* quarter of the appellants' garage is on the property now owned by the appellee. In 1957, Mr. Mathias, appellee's surveyor, made a plat showing that roughly *three* quarters of appellants' garage is on the appellee's land.[1] In 1962, or thereafter, the appellants built an addition on the east side of the garage, thus further

---

1. Mr. Mathias, in explanation of the difference in the fourth line of "Good Luck" between his survey and the Hartig survey, stated that Mr. Hartig, in coming down the mountain side in running the fourth line veered off at an angle, probably finding it easier that way to get down over the cliff, and then overlooked the fact that he had made this "offset" in the line when he got down the cliff so that there was some 20 feet difference in the two lines apparently for this reason. Mr. Mathias in running the fourth line, came straight down the cliff.

encroaching on the appellee's land if either of the last two surveys is correct. The Mathias plat was introduced into evidence by the appellee, the plaintiff below, and both Hartig plats were introduced by the appellants.

After all the testimony had been taken, the trial judge, without objection by either party, instructed the jury to answer the following question "yes" or "no": "Are the improvements owned by Harry Welsh, the defendant here [one of the appellants in this Court] located on property owned by Charles Welsh, the plaintiff [appellee in this Court]?" The jury answered "yes."

The appellants argue that since there were two plats in evidence showing the appellants' improvement on the appellee's land, but by differing amounts, it is impossible to know which the jury found to be correct and that a judgment cannot be entered on the basis of the Mathias plat. Thus, goes the argument, the case must be remanded for a new trial. We disagree.

It is settled that a judgment cannot be entered on an uncertain verdict, but in this case there is no ambiguity when the verdict is viewed in light of the instructions given to the jury. See *Browne v. Browne,* 22 Md. 103 (1864) ; *Friel v. Freeland,* 231 Md. 27, 188 A. 2d 340 (1963). The instructions were, in part, as follows :

> "If you believe the testimony of Mr. Mathias, you accept that, then your verdict would be for the plaintiff. If you find from the evidence that the survey lines of the tract called Good Luck and the one half acre of Brickyard are correct, then that portion of the defendants' garage as shown on Mr. Mathias' plat, based on Mr. Mathias' evidence and plat, shall be found to be located on the plaintiff, Mr. Charles Welsh's premises, and therefore your verdict would be for the plaintiff in ejectment for that portion of the garage in accordance with those survey lines."

There was no objection to this portion of the instructions, and we think the verdict indicates that the jury found the Mathias plat to be correct.

## (2)

The appellants object to the admission of Mr. Mathias' testimony and plat because: (a) the plat was made without reference to the metes and bounds description contained in the appellee's deed, (b) Mr. Mathias did not locate the beginning point of his survey but took the point as shown to him by someone he could not identify, but who was sent by the appellee's father, and (c) the Mathias plat contains two sketches but does not designate which is his survey and which is the Hartig survey that Mr. Mathias testified was indicated on his plat.

The appellants argue that Mr. Mathias' testimony and plat are inadmissible because, where the original monuments referred to in the deed no longer exist, and in light of objections (a) and (b), there is only speculation in regard to the exact location of the land. We need not decide this question, for if there were error in receiving the evidence, it was not reversible error. See *Master Royalties v. Baltimore City*, 235 Md. 74, 200 A. 2d 652 (1964). Mr. Mathias testified that he verified the beginning point of his survey by the 1954 Hartig survey and that he found the Hartig stakes on the land. The *appellants* entered into evidence the 1954 Hartig survey, showing the same beginning point as the Mathias plat and otherwise in agreement with the Mathias plat, except for the fourth line of "Good Luck." See *Mayor & City Council of Baltimore v. Yost*, 121 Md. 366, 88 A. 342 (1913). The appellants' objection (c), that it is impossible to tell which is the Hartig survey on the Mathias plat, has no merit. The Mathias plat does contain two sketches, but it is clear that one is an enlargement of part of the other. In both sketches it is clearly pointed out how the Hartig survey differs from the Mathias survey.

We need not decide whether Mr. Mathias' testimony and plat, standing alone, would be sufficient to carry the plaintiff's burden of proof in an ejectment case. The appellee's evidence, together with the evidence introduced by the appellants, is clearly sufficient. The appellants offered evidence after the denial of their motion for a directed verdict at the end of the plaintiff's case, and thus they withdrew this motion. Maryland

624

Rule 552 b. The trial court properly considered all of the evidence in the case in ruling on the propriety of granting the appellants' motion for a directed verdict at the end of the entire case. *Hoerr v. Hanline,* 219 Md. 413, 149 A. 2d 378 (1951); *Schmidt v. Millhauser,* 212 Md. 585, 130 A. 2d 572 (1957).

As we find no reversible error, the judgment will be affirmed.

*Judgment affirmed, the appellants to pay the costs.*