## JOHN HENRY LEWIS, JR. *v.* STATE OF MARYLAND

[No. 307, Initial Term, 1967.]

*Decided November 2, 1967.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Joseph G. Finnerty, Jr.,* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Edward Angeletti,*

*Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

John Henry Lewis, Jr., the appellant, complains of two convictions of armed robbery in a trial before Judge James A. Perrott, sitting with a jury in the Criminal Court of Baltimore. The sole question presented for our determination concerns the admission of certain testimony alleged to be hearsay.

The record shows that the trial judge permitted a police officer to testify over objection, that from information given by one of the two persons seen fleeing the scene of the robbery, he obtained a warrant for John Henry Lewis, Jr. The exact information given by the suspect was not admitted. In light of the fact that the testimony inferentially identifying Lewis as one of the robbers was merely cumulative, we do not need to decide whether the admission of such testimony was error. Lewis was positively identified by the victim of the robbery, by the police officer who observed him fleeing the scene of the robbery with a revolver in his hand, and by an accomplice whose testimony as to where the gun and clothing used in the robbery could be found, was supported by the fact that the police officers found the articles where the accomplice stated they were. Under these circumstances, we have no difficulty in holding that the inferential out-of-court identification was harmless, if it were error.

In *1 Wharton's Criminal Evidence,* §255 (Anderson 12th Ed. 1966 Cumulative Supp. at p. 131) it was stated:

"Likewise the admission of hearsay evidence is regarded as immaterial when it is merely cumulative, when the defendant had admitted the facts shown by the hearsay evidence, or had admitted facts which corroborated those shown by the hearsay evidence, or other evidence corroborated the hearsay evidence." Also see *Rose v. State,* 240 Md. 65, 212 A. 2d 742.

The evidence here pointing to the defendant's guilt was overwhelming. The admission of the inferential hearsay was of no consequence in the determination of the jury.

*Judgment affirmed.*