JOHN CARROLL GRICE *v.* STATE OF
MARYLAND

[No. 60, September Term, 1967.]

*Decided November 27, 1967.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Morris Lee Kaplan,* with whom was *Michael Lee Kaplan* on the brief, for appellant.

*Bernard L. Silbert, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Thomas N. Biddison, Jr., Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

John Carroll Grice, the appellant, was convicted of murder in the first degree in the Criminal Court of Baltimore before Judge Meyer M. Cardin presiding without a jury. Grice complains that there was insufficient evidence to support the verdict, and that hearsay testimony was admitted.

We need to cite only a small part of the testimony to show that there was sufficient evidence to support the verdict. Marjorie Daves testified that immediately after the homicide, the appellant ran into her home and stated that he had "just killed a man" and the police would be there in a few minutes; and further that he washed blood stains from a saw tooth knife, put it back into its sheath, and examined a wallet containing papers belonging to the deceased. Doris Wilson testified that she and a friend took Grice home; that enroute when queried about why he had stabbed the man up the street, he stated: "I wanted to see if he had any scratch." Other evidence established the homicide. Under Maryland Rule 1086 we are precluded from reversing a trial judge sitting without a jury on a question of sufficiency of the evidence unless he was clearly erroneous. Obviously, there was no such error in this case.

The second complaint concerns the admission of testimony by a police officer that he took the wallet to a nephew of the

484

deceased who identified it as the property of the deceased by the papers in it. While the admission of such testimony was obvious error, the wallet was in evidence and contained papers belonging to the deceased. Under these circumstances we have no difficulty in finding that the admission of the testimony was harmless. See *Chapman v. California,* 386 U. S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705.

*Judgment affirmed.*