DAVID L. GILCHRIST *v.* STATE OF MARYLAND

[No. 109, September Term, 1967.]

636

*Decided December 18, 1967.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Howard L. Stern* for appellant.

*Richard C. Ridgeway, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *James E. Kenkel, Deputy State's Attorney for Prince George's County,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

The Appellant, David L. Gilchrist, after entering a plea of not guilty, was convicted of armed robbery by a jury in the Circuit Court for Prince George's County, Judge Roscoe H. Parker presiding. He received an indeterminate sentence, not to exceed twelve (12) years, in the Maryland Correctional Institution for Males. Thereafter, he filed a Motion for a New Trial on the ground of newly discovered evidence, which Motion, after a hearing thereon, was denied.

It appears from the record that in the early morning of October 26, 1966, a Seven-Eleven Store located on St. Barnabas Road in Oxon Hill, Prince George's County, was robbed by two individuals carrying pistols. Although Gilchrist was identified by an employee of the store and by a customer as one of the individuals participating in the robbery, he vigorously denies his participation therein, asserting that he was at home and in bed at the time of the robbery.

In this appeal, he contends that the trial judge erred in denying his Motion for a New Trial; and that it was prejudicial error to permit a witness to relate the substance of a conversa-

tion which he allegedly had with the Appellant some seven (7) months prior to the date of the crime.

With respect to the latter contention, the record indicates that John Brugman, a witness for the State, was permitted, over objection, to testify as follows concerning a conversation with the Appellant:

> "We were talking about our financial problems and he (Gilchrist) told me that it would be very easy to solve them by robbing a McDonald's or the Hot Shoppes. The Hot Shoppes is a few blocks down the street. And I told him I wasn't interested. He told me it would be easy and we could get away with it and I said 'no I wouldn't be interested.' "

The trial judge admitted this testimony into evidence because, in his opinion, it showed a disposition on the part of the Appellant to commit the crime of robbery.

It is true that evidence of a plan, design or scheme which has been put into execution is relevant to the issue of guilt or innocence and, therefore, is admissible if it tends, by reasonable inference, to establish the commission of the crime charged. Wharton, *Criminal Evidence,* Vol. 1, § 179, p. 354; Underhill, *Criminal Evidence,* Vol. 1, § 212, p. 502. However, evidence which simply indicates a disposition on the part of the accused to commit a crime is ordinarily excluded as irrelevant and untrustworthy since it tends to deflect the mind of the trier of facts from the single issue of guilt or innocence of the particular crime under consideration. For example, convictions of prior crimes are ordinarily excluded,[1] because "the jury may be misled into a conviction for an offense for which the defendant is not indicted or that he may be prejudiced by the accumulation of offenses which he is not prepared to defend." *Wharton, Supra,* Vol. 1, p. 170. See also *Wentz v. State,* 159 Md. 161, at 165; *Young v. State,* 152 Md. 89.

---

1. An exception to this rule occurs when the accused takes the stand. Evidence of certain types of prior offenses is admissible but solely for the purpose of impeaching the credibility of the accused, not as substantive proof of the crime charged. See *Huber v. State,* 2 Md. App. 245, 256-257.

Judge Delaplaine in *Berger v. State,* 179 Md. 410, stated the rule as follows (p. 414) :

> "To come within the exception to the rule that evidence of previous offenses is irrelevant, there must appear between the previous offense and that with which the defendant is charged some real connection other than the allegation that the offenses have sprung from the same disposition. *The exception does not go to the extent of sanctioning the admission of evidence of the 'propensity' of the accused to commit crimes similar to that for which he has been indicted".* Emphasis added.

In the case at bar, the testimony of Brugman was so remote in time and so lacking in definiteness that it does not, in our opinion, measure up to evidence of a plan, design or scheme by Gilchrist to commit the crime with which he was charged, and it was not so treated by the lower court. At best, it indicated a disposition or propensity on the part of Gilchrist to commit the crime of robbery and, thus, it falls squarely within the rule that prior statements or offenses by an accused are not admissible to show a disposition or propensity to commit crimes similar to that with which he is charged. *Gorski v. State,* 1 Md. App. 200.

Under the circumstances, therefore, we are compelled to find that the testimony was not relevant to the charge; that it does not come within any of the recognized exceptions to the general exclusionary rule; that its admission could have served no purpose other than to prejudice the Appellant in the minds of the jury; and that the prejudice was such as to require the granting of a new trial.

. We are aware that the record discloses that Gilchrist was identified by two eyewitnesses to the crime as having participated therein. Nevertheless, we cannot find that this identification evidence overcomes the harm resulting to the Appellant from the admission of Brugman's testimony. This was a jury trial and we have no way of assessing the influence this testimony may have had upon their judgment. Doubts in this regard must be resolved in favor of the Appellant. *Fahy v. Con-*

*necticut,* 375 U. S. 85; *Barnes and Burgess v. State,* 1 Md. App. 123; *Goodman v. State,* 2 Md. App. 473.

In view of our conclusion, we do not reach the Appellant's contention that his Motion for a New Trial should have been granted.

*Judgment reversed and case remanded for a new trial.*