## BRUCE ALLEN WETHINGTON *v.* STATE OF MARYLAND

[No. 118, September Term, 1967.]

*Decided February 23, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Ronald G. Kane* for appellant.

*Edward L. Blanton, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

At a jury trial held on February 10, 1967 in the Circuit Court for Prince George's County, the appellant, Bruce Allen Wethington, was convicted of two counts of assault with intent to maim and two counts of indecent exposure. Two years concurrent sentences were imposed on each of the indecent exposure counts to run consecutively wtih five year concurrent sentences

imposed on each assault count. The principal question presented on this appeal is whether the trial court committed reversible error by allowing the State's Attorney to question the appellant, over objection, about a prior conviction of indecent exposure.

At the trial, the State presented evidence that the appellant exposed his penis to Mrs. Rogers on two occasions on June 11, 1966—once inside a Seven-Eleven store and again immediately after Mrs. Rogers left the store; that appellant then fled the scene in a vehicle, and was chased by Mrs. Rogers' husband, James Rogers, and Ronald Furr, operating separate vehicles; that appellant fired several shots at the pursuing vehicles, striking each one; that appellant then abandoned his vehicle; and that he was thereafter identified by Mrs. Rogers as the individual who had exposed himself to her, and by Mr. Rogers and Ronald Furr as the person whom they had chased and who fired at them.

At the outset of the trial, appellant advised the court that one of the basic issues in the case would be that of identification, *i.e.,* "* * * whether the man who exposed himself is the same man who did the shooting * * *." As the trial progressed it became apparent that appellant's defense to the charges against him was (1) insufficient identification, coupled with an alibi that he was in the District of Columbia when the crimes were committed, and, in the alternative, *albeit* inconsistent, (2) that as to the assault counts, he was acting in self-defense when he fired at the pursuing automobiles since they were trying to force him off the road.

After appellant had testified on his own behalf on direct examination, a bench conference was requested by the State's Attorney, at which time he indicated his intention to show that appellant had previously been convicted of indecent exposure. The court stated: "He can be asked if he is the same one, for means of identification." Defense counsel then stated: "* * * you can't use the past record to prove a conviction in this case * * * to show his propensity to commit a similar crime," to which the court responded:

"He can be asked, 'Are you the same Bruce Allen Wethington who on September 26, 1958, was con-

victed of indecent exposure?'

"Now he can't ask him 'What is your record?' or 'Have you ever been convicted of indecent exposure?' "

The State's Attorney then said:

"Motion being you have a man who is charged with assault with attempt to murder and assault with intent to maim. You have a man who has a conviction with assault with a deadly weapon. You have a man who was convicted of indecent exposure and a man who was convicted of escape. These are all in one degree or another considerable elements to what he is charged with here * * *."

Following this colloquy, the appellant was asked and gave an affirmative answer, over objection, to the question: "Are you the same Bruce Allen Wethington, who in 1958 was convicted of indecent exposure in Durham, North Carolina?"[1]

The trial judge did not advise the jury that the evidence of the prior conviction for indecent exposure was to be considered solely for impeachment purposes, as bearing on appellant's credibility as a witness, nor were any instructions to that effect requested by appellant, or included by the court in its charge to the jury. Whether it was the intention of the trial judge to admit the prior conviction of indecent exposure as substantive evidence or as impeaching evidence, or for both purposes, cannot be gleaned with certainty from the record before us. That the State's Attorney was urging that such conviction constituted substantive evidence to prove guilt seems clear, just as clear as appellant's position that the prior conviction could not be used to prove the present offense or to show propensity to commit similar crimes. Had it been the purpose of the trial judge to admit the prior indecent exposure conviction to impeach appellant's credibility as a witness, we think such con-

---

1. In the same manner the State's Attorney proved, over objection, that appellant had been convicted in 1965 of assault with a deadly weapon, but the court sustained a further objection to a question by the State's Attorney as to whether appellant had also been convicted of escape.

viction, under the circumstances of this case, would have been admissible for that purpose as having some tendency to show that appellant was not to be believed under oath. See *Cousins v. State,* 230 Md. 2; *Woodell v. State,* 2 Md. App. 433; *Huber v. State,* 2 Md. App. 245. On the record before us, however, we conclude that the prior conviction in question was admitted on a basis other than that it constituted proper impeaching evidence.

The primary question for our determination, therefore, is whether, under the circumstances, the prior conviction for indecent exposure, not admitted for the purpose of impeachment, was otherwise admissible, and, if not, whether the admission of such evidence constituted reversible error.

It is well settled that proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times, even though they are of the same nature as the one charged, is incompetent and inadmissible for the purpose of showing commission of the particular crime charged. *Bell v. State,* 234 Md. 254; *Gray v. State,* 221 Md. 286; *MacEwen v. State,* 194 Md. 492; *Huber v. State, supra; Gorski v. State,* 1 Md. App. 200; 29 Am. Jur. 2d *Evidence,* § 320, p. 366. The rule is not without exceptions, however, so that the prior conviction may be shown when it tends to establish (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, (5) the identity of the person charged with the commission of a crime on trial. *Wentz v. State,* 159 Md. 161, 164; *Cothron v. State,* 138 Md. 101, 110; *Gorski v. State, supra; Hayes v. State,* 3 Md. App. 4. However, evidence which simply indicates a disposition on the part of the accused to commit a crime is ordinarily excluded as irrelevant and untrustworthy since it tends to deflect the mind of the trier of facts from the single issue of guilt or innocence of the particular crime under consideration. *Gilchrist v. State,* 2 Md. App. 635; *Huber v. State, supra.* In other words, as stated in *Berger v. State,* 179 Md. 410, 414, the exception to the general rule "does not go to the extent of sanctioning the admission of evidence of the 'propensity' of the accused to commit crimes similar to

that for which he has been indicted." Another recognized exception to the rule that evidence of other crimes of a defendant are ordinarily inadmissible is that other sexual offenses *committed with the same person* are admissible to show a passion or propensity for illicit sexual relations with the person concerned in the crime on trial. Other like sexual crimes with other persons do not qualify for this purpose. *Berger v. State, supra,* at page 414; McCormick *Evidence* (1st Ed. 1954), § 157, pp. 328-29. See also Annotation, 77 A.L.R. 2d 841. Thus in *State v. Negron,* 374 S. W. 2d 622 (Mo. 1963), it was held that testimony of a witness other than the complaining witness that the defendant charged with indecent exposure had committed a similar offense about twenty days before the time of the charged offense was inadmissible, and the admission thereof was plain error affecting the substantial rights of the accused.

The trial judge expressed the opinion that the prior conviction of indecent exposure was admissible "for means of identification." As heretofore indicated evidence of the commission of other crimes is admissible in a proper case and as an exception to the general rule where the sole purpose of such evidence is to establish identity of the accused as the perpetrator of the crime charged. See 29 Am. Jur. 2d *Evidence,* § 322, p. 372. So in *Bevans v. State,* 180 Md. 443, a prosecution for possession of burglarious implements with intent to break and enter certain structures, where the defendant denied all connection with the automobile in which the instruments were found, a paper found in the automobile containing a record of convictions in traffic court of the defendant was admissible, not for the purpose of showing former conviction, but to show his connection with the automobile. And in *Ward v. State,* 219 Md. 559, a prosecution for forging and uttering a worthless check which was allegedly cashed by a store which sold a bottle of whiskey in connection therewith, evidence as to the cashing of an identically forged check at a nearby liquor store at the same time was relevant on the element of guilty knowledge, and on the issue of scheme or plan to cash a series of identically forged checks to obtain whiskey and money, and on the question of defendant's identity. See also *Cole v. State,* 232 Md. 111.

In the instant case, however, we can perceive no permissible inference from appellant's prior conviction for indecent exposure which would tend to identify him with the commission of the crimes for which he was being tried. The prior conviction sought to be introduced occurred a full eight years before the present crime, did not involve the same prosecuting witness, and occurred in another jurisdiction. The time and distance factors clearly negate any connection between the two crimes, and there was no attempt to show that the two criminal acts were uniquely similar in the manner and mode of their perpetration. In our view, appellant's prior conviction for indecent exposure shows only, under the circumstances of this case, that he had a disposition or propensity to commit that crime. That such evidence is inadmissible, other than for impeachment purposes, is, as previously indicated, entirely clear.

We have no way of calculating the consideration given by the jury to the evidence of appellant's prior conviction for indecent exposure. We cannot know, therefore, whether the jury considered such evidence as substantive proof of appellant's guilt on the presently charged indecent exposure counts, or merely as evidence impeaching appellant's credibility as a witness. Since the principal thrust of appellant's defense was insufficient identification, coupled with an alibi that he was not in the State when the crimes were committed, a showing of the prior conviction for indecent exposure may well have been afforded paramount prominence in the jury's deliberations. That the jury was free to consider the prior conviction as substantive proof of guilt is clear, since it appears to us that the trial judge admitted the evidence on a basis not excluding its use for that purpose. Had a cautionary instruction been given to the jury, stating that they could only consider the prior conviction as bearing upon appellant's credibility as a witness, we would find no error in its admission. See *Huber v. State, supra.* That appellant did not request such an instruction, either at the time the evidence was admitted, or after the instructions were given to the jury, does not, in our view, operate as a waiver of his specific and well grounded objection that the evidence could not be introduced for the purpose of proving the commission of the offenses presently charged. This is not a case, as in

*Debinski v. State,* 194 Md. 355, where a general objection to evidence was held properly overruled where the evidence was properly admissible for any purpose. Here, appellant's objection was specifically aimed at excluding the prior conviction as substantive proof of guilt; the evidence was nevertheless admitted without limitation or qualification of its use for that purpose. Under these circumstances, we hold that the unqualified admission of such evidence in the face of appellant's specific objection thereto constituted reversible error (see *Mulcahy v. State,* 221 Md. 413, at page 426), not only as to his convictions on the indecent exposure counts, but also as to his convictions for assault with intent to maim which grew out of the indecent exposure incident and which were closely connected therewith.

*Judgments reversed; case remanded for a new trial.*