## ALVIN LeROY HOWARD *v.* STATE OF MARYLAND

[No. 237, September Term, 1967.]

*Decided April 29, 1968.*

The cause was argued before MURPHY, C. J., and MORTON, ORTH, and THOMPSON, JJ.

*Michael Lee Kaplan,* with whom was *Morris Lee Kaplan* on the brief, for appellant.

*Dickee M. Howard, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *I. Elliott Goldberg Assistant State's Attorney for Baltimore City,* on the brief for appellee.

MURPHY, C. J., delivered the opinion of the Court.

Appellant was convicted on November 17, 1966 by a jury in

the Criminal Court of Baltimore of assault with intent to rob and common-law assault and sentenced to ten years in the Maryland Penitentiary. He contends on this appeal that the lower court committed prejudicial error in admitting certain hearsay evidence at his trial.

The pertinent facts are these: On February 1, 1966 at approximately 2:30 p.m., two men entered a liquor store owned and operated by Herman Levin and his wife, both of whom were present in the store at the time. One of the men, brandishing a gun, said "Don't move, stand where you are," while the other man, later identified as the appellant, went behind the counter searching for money. Mr. Levin attacked the man holding the gun, after which appellant kicked Levin and hit him over the head with a bottle. The robbers then fled.

Herman Levin testified that he identified appellant from police photographs shown to him, and also at a police lineup as one of the men that had attempted to rob him. He also identified appellant at the trial.

Detective George Montgomery, testifying for the State, corroborated the fact that Mr. Levin identified the appellant at the police lineup, as well as from the police photographs. Over appellant's objection, Detective Montgomery was permitted to testify that Mrs. Levin also viewed the police lineup and positively identified the appellant. The appellant, testifying on his own behalf, denied any knowledge or participation in the crime.

We think appellant's objection to Detective Montgomery's testimony that Mrs. Levin identified appellant as one of the perpetrators of the crime at a police lineup should have been sustained and that it was clear error to admit the testimony into evidence. While it is true that testimony of an extrajudicial identification is generally admissible as an exception to the hearsay rule, where the identification was made under circumstances precluding any reasonable suspicion of unfairness or unreliability, *Johnson v. State,* 237 Md. 283, this is not a case like *Basoff v. State,* 208 Md. 643, where the court held admissible the testimony of a police officer that *a witness in the case* had made an extrajudicial identification of the accused. Nor is

this case like *Judy v. State,* 218 Md. 168, where the witness who had made an extrajudicial identification of the accused was permitted to testify in court as to such identification; neither is this case like *Bulluck v. State,* 219 Md. 67, where a police officer was permitted to testify concerning an extrajudicial identification made by the complaining witness and previously testified to by that witness, or like *Proctor v. State,* 223 Md. 394, where a police officer was permitted to testify that the victim made an extrajudicial identification of the accused, even though the victim did not testify to such identification, where he was a witness at the trial and was, therefore, available "and could have been recalled and questioned about it." In *Johnson v. State, supra,* the court found no error in permitting testimony by a police officer that a witness in the case made an extrajudicial identification of the accused, where that witness did not testify to such identification, but was recalled to testify on redirect examination and made a courtroom identification of the accused. All of these cases share a common thread, namely that the person making the extrajudicial identification was present in court and available as a witness. In *Johnson,* the Court of Appeals noted at page 290 :

> "* * *where the out-of-court declarant is available as a witness, the dangers sought to be avoided by the hearsay rule are not present. See *Commonwealth v. Johnson,* 193 A. 2d 833 (Pa. 1963), where it is said that the testimony of a police officer as to an extrajudicial identification made at a voice lineup is admissible and not objectionable as hearsay when the identifying victims are witnesses at the trial and subject to cross-examination. Such a rule is in line with the A.L.I. Model Code of Evidence (Rule 503) and the Uniform Rules of Evidence (Rule 63[1]), which, in effect, provide that testimony as to an extrajudicial identification is admissible *if the identifying person is available as a witness so as to afford the accused the rights of confrontation and cross-examination. We hold therefore that where, as here, the identifying victims or eyewitnesses were present and subject to cross-*

*examination, the testimony of the police officer as to the extrajudicial identifications was admissible."* (Emphasis supplied).

In the present case, Mrs. Levin did not appear as a witness and was not in court during the trial, her absence being explained by Mr. Levin as due to the fact that "they both couldn't leave at the same time." Mrs. Levin was not, therefore, as required by *Johnson,* "available as a witness so as to afford the accused the right of confrontation and cross-examination."

We think *Bulluck, Proctor* and *Johnson* carry the admissibility of testimony concerning extrajudicial identifications to its ultimate boundaries and we decline to create a new frontier by upholding the admissibility of such evidence as was adduced in this case. See Annotation 71 A.L.R. 2d 449; 19 Md. L. Rev. 201. Indeed, whether the circumstances under which Mrs. Levin identified appellant at the police lineup were so "impermissibly suggestive" as to deny appellant due process could in no event readily be explored unless she were available as a witness in the case. See *Simmons v. United States,* 390 U. S. 377, 88 S. Ct. 377, 19 L. Ed. 2d 1247; *United States v. Wade,* 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149.

We do not believe that this is a case where the out-of-court identification may be deemed harmless. Compare *Lewis v. State,* 2 Md. App. 318. Nor do we consider such evidence as merely cumulative. See *Rose v. State,* 240 Md. 65. By placing before the jury evidence that Mrs. Levin also identified appellant as one of the robbers, the State obviously intended to buttress its case by establishing that two persons, rather than one, identified the appellant. While it is true that identification by one eyewitness, if believed, is sufficient to support a conviction, we cannot say that the testimony in question had no material bearing upon the jury's determination of the vital issue of appellant's identity as one of the criminals. Accordingly, we find the error prejudicial. See *Proctor v. State, supra,* at page 397.

*Judgment reversed; case remanded for a new trial.*