JOSEPH JOHNSON *v.* STATE OF MARYLAND

[No. 64, September Term, 1974.]

*Decided October 16, 1974.*

The cause was argued before THOMPSON, GILBERT and MENCHINE, JJ.

*Norman N. Yankellow, District Public Defender,* and *Arnold M. Zerwitz, Assigned Public Defender,* for appellant.

*James G. Klair, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, James L. Bundy, Assistant Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *Mark Van Bavel, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Joseph Johnson, appellant, was convicted by a jury in the Criminal Court of Baltimore of first degree murder and

sentenced to life imprisonment. Johnson appeals that conviction and raises the following contentions:

1) that the trial court erred in admitting hearsay evidence which placed the appellant at the scene of the crime on the night of its occurrence;

2) that the trial court erred in excluding statements made by the Assistant State's Attorney in a previous prosecution for the same crime which were relevant to the credibility of appellant's former testimony;

3) that the trial court erred in refusing to allow the Assistant State's Attorney to be called as a witness;

4) that the evidence was not sufficient to justify a conviction of murder in the first degree; and

5) that there was insufficient corroboration of appellant's prior judicial admissions to sustain a conviction.

## I FACTS

On the evening of January 8, 1972 Gaston Ashley was shot and killed in the Sportsman's Bar in Baltimore City. As a result of the police investigation of the homicide the appellant's brothers, Milton Johnson and Jerry Johnson, were indicted for Ashley's murder.

On February 16, 1972, the appellant met with his attorney, who was also retained to represent his brothers, an Assistant State's Attorney and two Baltimore City homicide detectives in the State's Attorney's office. He gave them a written statement in which he admitted killing Ashley but in which he claimed to have been acting in self-defense. On the evening of the 16th a line-up was arranged. The appellant and his two brothers were placed in the line-up along with three other men. The appellant was not identified by any of the witnesses at the line-up. His brothers Milton and Jerry Johnson were identified. Subsequently on February 25, 1972, a homicide charge which had been lodged against appellant was dismissed upon the advice of the Deputy State's Attorney.

The appellant's brothers were tried for Ashley's murder in October 1972 and were acquitted. At that trial appellant testified that he had shot the deceased in self-defense. After his brothers' acquittals the appellant was re-charged with Ashley's murder.

At the appellant's trial, the State called Officer David Rohlfing of the Baltimore City Police Department. Officer Rohlfing testified that on the night of Ashley's murder he conducted an investigation at the Sportsman's Bar; that at the time of the investigation there were fifteen people in the bar; that no gun was recovered; and that there were two eyewitnesses to the shooting, Roslynn Massie and Doris Lowe.

The crucial portion of the State's proof was the aforementioned testimony of the appellant at his brothers' trial in which he admitted killing the deceased, claiming to have acted in self-defense. Appellant's counsel objected to the admission of this testimony and claimed that the appellant had not testified voluntarily. A hearing on the objection was held out of the presence of the jury and the objection was overruled.

The appellant's former testimony was read into the record from a partial transcript of his brothers' trial by the court reporter. Appellant's counsel again objected to the admission of the transcript and claimed that it was incomplete in that several pages were not read to the jury. Those pages contained further testimony by the appellant and several bench conferences. The trial court admitted into evidence those pages containing appellant's testimony but excluded those dealing with bench conferences.

At one of these bench conferences just prior to the appellant's testimony the following dialogue had taken place:

"Mr. Van Bavel [Assistant State's Attorney]: Mr. Johnson (appellant) has already made a signed implicating statement in front of Mr. Gladstone of our office so, the implicating statement has already been made. I just would like to advise your

honor of that. He has already testified to pretty much what I think he's going to testify to today.

The Court: The State has rejected it?

Mr. Van Bavel: The State has rejected it."

On cross-examination appellant's counsel attempted to ask the witness if, at his brothers' trial and in appellant's presence, any statement had been made by the prosecutor regarding the State's acceptance or rejection of appellant's prior extra-judicial admission. The State objected to the question and the objection was sustained.

In its case in chief the defense called Detective Joseph Mon of the Baltimore City Police. Mon testified that during his investigation of the Ashley murder Roslynn Massie had identified appellant's brothers as the perpetrators from photographs shown to her and that Miss Massie and two other witnesses had done the same at a subsequent line-up in which appellant had participated. Mon testified that appellant had not been identified by anyone.

During cross-examination by the State, the following occurred:

"Q. Did Milton Johnson tell you his brother, Joseph Johnson [appellant], was at the Sportsman's Bar on Frederick Avenue on the evening of January the 8th, 1972 ?

Mr. Yankellow [Defense Counsel]: Objection.

The Court: Overruled.

Mr. Yankellow: If Your Honor please, if that is not hearsay, I don't know what the heck is.

The Court: I will overrule the objection.

A. Yes, he did."

At this juncture of the trial, defense attempted to call the prosecutor as its witness. (The prosecutor, Mr. Van Bavel, had also prosecuted appellant's brothers). Defense counsel articulated two reasons for doing so: first, to establish the fact that the prosecutor had called Roslynn Massie at the trial of appellant's brothers and second, that at appellant's

brothers' trial the prosecutor had rejected the prior extra-judicial statement made by the appellant. The trial court refused to allow the prosecutor to be called.

The defense then called Roslynn Massie. Miss Massie testified that she was in the Sportsman's Bar at the time of Ashley's murder and that she had been called by the prosecution to testify in the trial of appellant's brothers. She identified the appellant's brothers (who were present in the courtroom) as Ashley's murderers and stated that she did not see the appellant in the bar at the time of the shooting. This was virtually the same testimony she had given at the appellant's brothers' trial.

## II HEARSAY

Appellant first contends that the trial court erred in allowing Detective Mon to testify as to a conversation he had with appellant's brother and that that error prejudiced appellant and thus requires a reversal.

Mon was allowed to testify over timely objection of appellant's counsel that he had been told by Milton Johnson (appellant's brother) that the appellant had been in the Sportsman's Bar on the night of the homicide. We have no problem in finding that the trial court erred in admitting said testimony. Mon's testimony was clearly a communication in court of a statement made out of court and was used to establish the truth of the matter asserted therein. It thus depended for its value upon the credibility of the out-of-court declarant and as such was hearsay. *Wilkins v. State*, 11 Md. App. 113, 131, 273 A. 2d 236 (1971); *Quiles v. State*, 4 Md. App. 354, 358, 243 A. 2d 661 (1968).

Our finding that the admission of Detective Mon's hearsay testimony was erroneous does not, of course, end our inquiry. We must determine whether the error was prejudicial or harmless.

The effect of the erroneous admission of hearsay testimony was succinctly dealt with in 2 *Wharton's Criminal Evidence* § 272, at 21 (13th ed. 1972):

"Where hearsay evidence has been improperly

admitted over the objection of the adverse party, the error will require a reversal if the evidence relates to a material issue or is prejudicial to such adverse party. If the hearsay evidence is neither material nor prejudicial, the error will be ignored, provided that the conviction is amply supported by other competent evidence. Thus, the admission of hearsay evidence will not constitute reversible error where it is merely cumulative."

We are thus faced with a factual inquiry into whether the statement by Detective Mon that the appellant's brother had said that the appellant was at the scene of the homicide on the night in question was prejudicial. From our review of the record and trial transcript we hold that it was prejudicial. There was no evidence produced at trial which placed the appellant at the scene of the crime other than the prior statements made by the appellant. The credibility and voluntariness of these statements were strenuously and repeatedly challenged by appellant's trial counsel in a variety of ways. These statements were at no time independently corroborated other than by the hearsay now in question. Indeed an eyewitness, Miss Massie, testified that the appellant's brothers had committed the crime and that she did not see the appellant at the bar at the time of the shooting.

The cases cited by the State, *White v. State,* 7 Md. App. 416, 256 A. 2d 174 (1969), *Richardson & Thomas v. State,* 7 Md. App. 334, 255 A. 2d 463 (1969), *Grice v. State,* 2 Md. App. 482, 235 A. 2d 316 (1967) and *Lewis v. State,* 2 Md. App. 318, 234 A. 2d 487 (1967) are inapposite. In both *Richardson* and *White,* the hearsay was not only supported by the testimony of several deputy sheriffs but was also admitted by the defendants at trial. In *Lewis,* the hearsay, in the form of testimony inferentially identifying the defendant as one of the perpetrators of the crime, was held to be cumulative because the defendant was positively identified by the victim, a police officer and an accomplice. In *Grice,* the hearsay, in the form of an out-of-court identification of the victim's wallet and papers, was held cumulative because the

wallet, with identifying papers, was in evidence and available to the jury.

We are therefore not convinced by the State's argument that the error was harmless. As discussed above, the hearsay testimony was the only evidence which connected the appellant with the crime other than his much disputed prior statements. It also was the only independent corroboration of those statements. In short, except for the appellant's prior statements, it was the only damning evidence against him.

Equally important is the fact that the hearsay clearly cast doubt on the credibility of appellant's main witness, Roslynn Massie. Miss Massie testified that she did not see the appellant in the Sportsman's Bar on the night of the homicide and that the appellant's brothers were Gaston Ashley's killers. There can be little doubt that the hearsay testimony which placed the appellant in the bar on the night of the homicide struck a serious blow at the credibility of Miss Massie and may have had a material bearing on the jury's decision.

In *Howard v. State*, 4 Md. App. 74, 241 A. 2d 192 (1968) this Court reversed a conviction because of the admission of hearsay testimony. In *Howard*, a police officer was allowed to testify as to an out-of-court identification of the defendant made by the victim's wife who was not called as a witness. The victim also identified the defendant. In reversing Howard's conviction, we held that despite the fact that identification by one eyewitness, if believed, is sufficient to sustain a conviction, we could not say that the police officer's testimony did not have a material bearing on the jury's determination of guilt.

In *Jones v. State*, 17 Md. App. 209, 300 A. 2d 424 (1973) on facts similar to *Howard v. State, supra,* we reversed the conviction because "the ingredient necessary to convince the jury" of defendant's guilt may have been the hearsay testimony.

Where trial is by a jury, all reasonable doubts as to the effect of erroneously admitted evidence upon the jury's determination of guilt must be resolved in favor of the

objecting party. *Gilchrist v. State*, 2 Md. App. 635, 638, 236 A. 2d 299 (1967); *see also Younie v. State*, 272 Md. 233, 322 A. 2d 211 (1974). We are unable to conclude that the admission of Detective Mon's disputed testimony was harmless error. We, therefore, reverse the appellant's conviction and remand for a new trial.

In view of our holding we need not deal with appellant's remaining contentions; however, we will discuss two of them in order to provide guidance to the trial court on remand.

## III PROSECUTOR'S OPINION

The appellant next contends that the trial court erred in refusing to admit into evidence part of a transcript from his brothers' trial. The portion excluded dealt with a bench conference during which the prosecutor said that the State had "rejected" the forthcoming testimony (confession) of the appellant. The theory upon which the appellant grounds this contention is that the statement made by the State's Attorney at the former trial was an admission which was admissible against the State in appellant's trial.

This precise question has not previously been decided in Maryland. Our search of the case law in other jurisdictions has disclosed two closely analogous cases: *People v. Kinder*, 122 Cal. App. 2d 457, 265 P. 2d 24 (1954) and *State v. Nichols*, 236 Or. 521, 388 P. 2d 739 (1964).

In *State v. Nichols, supra,* the defendant was convicted of second degree murder. During his trial the defendant called the district attorney as a witness and attempted to force him to admit that during the course of oral argument concerning the sufficiency of a prior indictment against defendant for the same crime he had said to the court, "The State cannot honestly say this defendant aimed that rifle at his wife and pulled the trigger intending to kill her." On appeal, Nichols contended that this statement was a "judicial admission" and thus admissible in subsequent proceedings, *i.e.,* his trial. The Court rejected this contention and stated:

> "The correct rule is stated in *People v. Kinder*, 122 Cal. App. 2d 457, 265 P.2d 23, 28 (1954): ' * * *

> The mere argument of counsel is not evidence and is not admissible as such unless made as a factual admission * * * and entered in the course of a trial.' The opinion expressed by the attorney during the earlier proceeding while arguing a matter of law was no more relevant to prove the facts in the subsequent trial than it would have been if the attorney instead had expressed his enthusiastic personal belief in the guilt of the accused and the state were trying to place that opinion before the jury." *Id.* at 746.

We perceive no factual distinction between the instant case and *Kinder* and *Nichols.* In the case at bar, the disputed statement was made at a bench conference out of the presence of the jury. The conference had been called to discuss the necessity to warn the witness (appellant) regarding the self-incrimination aspects of his forthcoming testimony. It was quite natural at that point in the proceedings for the State to assert its disbelief in the appellant's testimony: several eyewitnesses had identified appellant's brothers as the criminals and none could identify the appellant. In any event the statement was nothing more than the prosecutor's opinion as to guilt or innocence.

## IV PROSECUTOR AS A WITNESS

The appellant also contends that the trial court erred in refusing to allow him to call the prosecuting attorney as a defense witness. The reasons given by the trial court were that the proffered evidence was irrelevant and prejudicial to the State. By this tack, the appellant was attempting to show that the prosecutor had originally "rejected" the appellant's testimony at the trial of his brothers.

That a prosecuting attorney is a competent witness is established in Maryland. *Wilson v. State,* 261 Md. 551, 276 A. 2d 214 (1971); *Murphy v. State,* 120 Md. 229, 235, 87 A. 811 (1913). Article 35, § 1 of the *Maryland Code* which deals with the competency of witnesses does not prevent a prosecutor from becoming a witness.

The question of the propriety of a trial court's refusal to allow a defendant to call the prosecutor as a defense witness is one of first impression in Maryland. The vast weight of authority in other jurisdictions is that this decision is left to the discretion of the trial judge. *Gajewski v. United States*, 321 F. 2d 261 (8th Cir. 1963); *Fisher v. United States*, 231 F. 2d 99 (9th Cir. 1956); *United States v. Maloney*, 241 F. Supp. 49 (W.D. Pa. 1965); *People v. Gendron*, 41 Ill. 2d 351, 243 N.E.2d 208 (1968), *cert. denied*, 396 U. S. 889; *State v. Stiltner*, 61 Wash. 2d 102, 377 P. 2d 252 (1962), *cert. denied*, 380 U. S. 924; *see also* 54 A.L.R.3d 100.

The standard against which to measure the trial judge's exercise of discretion in this regard has been articulated in several ways.

In *United States v. Maloney, supra,* the Court stated at page 50:

> "The circumstances under which a Court will allow an attorney for a party, even a prosecuting attorney, to take the witness stand must be such that a compelling reason for such a move, contrary to the usual well-ordered rules for the conduct of a trial, are present. The Court may, without an abuse of discretion, refuse to allow the defense to call the prosecuting attorney as a witness on its behalf. *Gajewski v. United States*, 321 F.2d 261 (8th Cir. 1963); *Hayes v. United States*, 329 F.2d 209 (8th Cir. 1964)."

In *Gajewski v. United States, supra,* at 268 the Court made clear the general hesitation of trial judges to permit an advocate to testify:

> "Courts are especially reluctant, and rightfully so, to allow lawyers, including prosecuting attorneys, to be called as witnesses in trials in which they are advocates."

The Court went on to discuss the effect that a defendant's right to call witnesses has on the question of calling the prosecuting attorney:

"To be sure, an accused's right to call relevant witnesses and to present a complete defense may not be abrogated for the sake of trial convenience or for the purpose of protecting a United States Attorney from possible embarrassment while testifying, *if he possesses information vital to the defense.*" *Gajewski v. United States, supra* at 268-269. (Emphasis added).

In *State v. Stiltner, supra,* the Court stated at 253-254:

"Although neither counsel is rendered incompetent as a witness because of his participation in the trial, the right of one to call the other is not exactly a 'two-way street' in view of defendant's constitutional rights. This does not mean, however, that defense counsel has an uncontrolled right to call the trial prosecutor to the stand.

"We are aware of the defense ploy — albeit infrequent and not present in this case — of 'trying the prosecutor'; it is not our intent to place such a sword in the hand of defense counsel.

"The defendant in a criminal trial has the right to prove his defense in the best manner available to him; the trial prosecutor is a competent witness; his testimony must be relevant and material to the theory of the defense; it must not be privileged, repetitious, or cumulative. See *State v. Lee*, 203 S.C. 536, 28 S.E.2d 402, 149 A.L.R. 1300 (1943) and annotation, 'Competency of prosecuting attorney as a witness.' 149 A.L.R. 1305. All this lies in the broad discretionary right of the trial judge to control the trial of the case."

*See also People v. Gendron, supra; People v. Nelson,* 89 Ill.App.2d 84, 233 N.E.2d 64 (1967); *People v. Boford,* 117 Cal.App.2d 576, 256 P. 2d 334 (1953); *Hall v. State,* 202 Ga. 619, 44 S.E.2d 234 (1947); *State v. Lee,* 203 S. C. 536, 28 S.E.2d 402 (1943).

In applying these general standards to the situation

presented in the instant case we find no abuse of the trial judge's discretion in denying the appellant's request to call the prosecutor. Defense counsel's articulated reason for wanting to call the State's Attorney was to show that he had made the statement that the State had "rejected" the appellant's testimony at the former trial of appellant's brothers. This testimony was not material or relevant to the guilt or innocence of appellant.

While we fully agree with the court in *State v. Stiltner, supra* and *Gajewski v. United States, supra,* that a defendant has a right to call relevant witnesses and to present a complete defense, the appellant in this case has failed to show the relevancy and materiality of the excluded testimony.

## V SUFFICIENCY OF THE EVIDENCE

The appellant's other contentions deal with the sufficiency of the evidence at his trial; as the evidence on retrial may be different we need not deal with these questions.

*Judgment reversed.*
*Case remanded for a new trial.*