## STATE OF MARYLAND *v.* JOSEPH JOHNSON

[No. 238, September Term, 1974.]

*Decided June 25, 1975.*

[See opinion 23 Md. App. 131].

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*James G. Klair, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellant.

*Arnold M. Zerwitz, Assistant Public Defender,* with whom

were *Alan H. Murrell, Public Defender,* and *Norman N. Yankellow, District Public Defender,* on the brief, for appellee.

SMITH, J., dissents and filed a dissenting opinion at page 292 *infra.*

PER CURIAM:

This Court, having granted a writ of certiorari and in accordance with Maryland Rule 811 b 3 having determined that no error of law appears in the decision, adopts the opinion of Judge Thompson for the Court of Special Appeals in *Johnson v. State,* 23 Md. App. 131, 326 A. 2d 38 (1974) and affirms the judgment of the Court of Special Appeals.

*Judgment affirmed with costs.*

*Smith, J., dissenting:*

I do not agree that admission of the testimony here was prejudicial error.

Let us examine the facts as reflected in Johnson's own brief in the Court of Special Appeals: He testified under oath in open court in an earlier proceeding that it was not his brothers, but he who shot the deceased. Moreover, the trial judge in that earlier proceeding (Watts, J.) did not permit Johnson to testify until after an assistant public defender had been called to the courtroom and that assistant public defender had advised Johnson on the record of his rights. Johnson called that assistant public defender to the stand in this proceeding as a part of his case. It was then brought out that prior to Johnson's testimony in the earlier case the assistant public defender had advised Johnson of the penalties for perjury. After this, *as a part of his own case,* Johnson placed in evidence a copy of the statement he had given the office of the State's Attorney approximately one month after the killing. In that statement Johnson admitted killing the person for whose death he was prosecuted, although he claimed that he killed in self-defense. This

evidence would seem to bring the evidence obtained from the officer reflecting Johnson's presence at the scene on the date in question within the familiar principle of law to the effect that a party may not be heard to complain relative to evidence admitted over his objection when other evidence to the same effect is admitted without objection or is introduced by him, it being thus concluded that he has waived the objection and that the error, if any, is harmless error. *See, e.g., S & S Bldg. Corp. v. Fidelity Storage,* 270 Md. 184, 191, 310 A. 2d 778 (1973); *Air Lift, Ltd. v. Bd. of Co. Comm'rs,* 262 Md. 368, 400-401, 278 A. 2d 244 (1971); *Mondawmin Corporation v. Kres,* 258 Md. 307, 324, 266 A. 2d 8 (1970); *Chertkof v. Philadelphia, B. & W. R.R.,* 254 Md. 557, 570-571, 255 A. 2d 14 (1969); *Campfield v. Crowther,* 252 Md. 88, 101, 249 A. 2d 168 (1969); *Metropolitan Auto Sales v. Koneski,* 252 Md. 145, 154-155, 249 A. 2d 141 (1969); and *Herbert v. Davis,* 139 Md. 522, 529, 115 A. 808 (1921). In the somewhat similar case of *Motes v. United States,* 178 U. S. 458, 20 S. Ct. 993, 44 L. Ed. 1150 (1900), the Supreme Court found no prejudicial error stating:

> "In this evidence the jury had conclusive proof of the guilt of Columbus W. Motes of the crime charged in the indictment. The admission of the statement of Taylor in evidence was therefore of no consequence as to him; for in his own testimony enough was stated to require a verdict of guilty as to him, even if the jury had disregarded Taylor's statements altogether. We can therefore say, upon the record before us, that the evidence furnished by Taylor's statement was not so materially to the prejudice of Columbus W. Motes as to justify a reversal of the judgment as to him. It would be trifling with the administration of the criminal law to award him a new trial because of a particular error committed by the trial court, when in effect he has stated under oath that he was guilty of the charge preferred against him." *Id.* 44 L. Ed. at 1156.

More recently in *Milton v. Wainwright,* 407 U. S. 371, 92 S.

Ct. 2174, 33 L.Ed.2d 1 (1972), Mr. Chief Justice Burger said for the Court:

> "Assuming, *arguendo*, that the challenged testimony should have been excluded, the record clearly reveals that any error in its admission was harmless beyond a reasonable doubt. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The jury, in addition to hearing the challenged testimony, was presented with overwhelming evidence of petitioner's guilt, including no less than three full confessions that were made by petitioner prior to his indictment. Those confessions have been found admissible in the course of previous post-conviction proceedings brought by petitioner in his attempts to have this conviction set aside, and they are not challenged here." *Id.* 92 S. Ct. at 2175-76.

A somewhat similar holding is found in *Brown v. United States*, 411 U. S. 223, 93 S. Ct. 1565, 1570, 36 L.Ed.2d 208 (1973).

It is in the light of the above facts and law that we must examine the hearsay evidence obtained by the State on cross-examination of the detective called as a defense witness. It must be remembered that a judicial admission is one of the very highest order, a fact recognized by Article III, Section 3, of the Constitution of the United States since it requires "the Testimony of two Witnesses to the same overt Act" in order to convict a man of treason, but further provides that he may be convicted "on Confession in open Court." Since there was in evidence from the lips of Johnson on two different occasions that he was present in the bar on the night in question, I have difficulty in comprehending how testimony of a detective that one of Johnson's brothers advised the detective that Johnson was present in the bar on the date in question can be prejudicial to Johnson. I would reverse the Court of Special Appeals and affirm the conviction.