GEORGE C. MILLER *v.* RAYMOND J. HALL.
[No. 28, April Term, 1931.]

*Decided June 11th, 1931.*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*James U. Dennis,* with whom was *Frederick C. Smith, Jr.,* on the brief, for the appellant.

*Edward L. Ward,* with whom were *Barrett & Barrett* on the brief, for the appellee.

Bond, C. J., delivered the opinion of the Court.

In a suit against Miller by Hall, who, when a passenger in a taxicab, was injured in a collision with an automobile owned and driven by Miller, judgment was recovered against Miller for damages, and on appeal he brings before this court questions of admissibility of evidence received at the trial, and of the correctness of instructions to the jury.

The taxicab in which Hall was riding was traveling south on Schroeder Street, in Baltimore City, at night, and Miller's car, driven westwardly on Franklin Street, collided with

the cab at the intersection of two streets. There was evidence tending to prove that Miller was driving at an excessive rate of speed and that he failed to yield the right of way to the taxicab coming from his right; and no question is raised of the legal sufficiency of that evidence to support a finding of negligent driving by Miller contributing to the accident.

The first question argued by the appellant is not brought up by an exception, and there appears to have been, in fact, no definite ruling contrary to the appellant's contentions. The plaintiff, questioned by his attorney on the identity of the car that collided with the taxicab, stated twice that at the time of the collision he did not know what car it was, but that he had learned later from the defendant's pleading guilty in the traffic court, and from hearing him admit that it was his car. The defendant moved that the first reference to the plea of guilty in the traffic court be stricken out, and it was stricken out. Upon motion made to strike out the second reference, the plaintiff's attorney agreed that it should be stricken out, and the court expressed an opinion that the question asked was not admissible as it was framed, but did not announce a ruling otherwise. A question whether in the traffic court the plaintiff heard Miller admit ownership of the car was then put and answered without objection. No further action was taken by the defendant's attorney; the stenographic record contains no note of an exception taken; therefore, if the admission of any of that testimony was erroneous, the error is not open to correction in this court. *Bowie v. Evening News Co.*, 151 Md. 285, 293, 134 A. 214. Error in this testimony would be without importance in any event, because the facts brought out were later elicited from Miller himself, in proper form, as will appear.

Miller was called as a witness for the plaintiff and asked whether he had not in the traffic court pleaded guilty to having failed to give the taxicab the right of way, and he answered that he had so pleaded. Exception was taken to the allowance of the question. It seems sufficient to observe that this is evidence of an admission of fault in making the cross-

ing, relevant to an issue of negligence in the collision, and a proper subject of testimony by any competent witness. It is objected that as, concerning the right of way, the declaration filed in the case did not specify violation of the law (Code, art. 56, sec. 209) as a ground of liability, the question of violation is not within the issues on which the parties went to trial, and proof on it is therefore not admissible. But that argument restricts the issues raised by the pleadings too narrowly. A charge of negligence in a collision of vehicles approaching each other at right angles at a street crossing by its very nature brings up a question of yielding the right of way, and gives notice of the pertinency of evidence on that question. The question is too clearly involved in the allegations made to require an additional, more specific, allegation of it. We find no error in the rulings on evidence.

The second prayer of the plaintiff for an instruction in case of a finding of negligence of Miller as a cause of the collision is objected to on the ground that, by the singling out of this one defendant as liable for negligence, the jury were led to consider themselves instructed that, if there was negligence on the part of one driver only, Miller must have been that one. But we do not see the force of that objection. The plaintiff could, of course, proceed solely against either one of two tort-feasors. *Cumberland & W. Transit Co. v. Metz,* 158 Md. 424, 446, 149 A. 4, 565; *Gordon v. Opalecky,* 152 Md. 536, 550, 137 A. 299. It is urged that fairness required an addition to the instruction making allowance for the possibility of a finding that negligence of the driver of the taxicab was the sole cause of the accident; but the plaintiff was at liberty to ask an instruction on any one set of facts which the jury might find upon the whole evidence, and the defendant, if he wished it, should have procured the instruction on a possible finding of opposite facts. *Street v. Hodgson,* 139 Md. 137, 147, 115 A. 27; *White v. Parks,* 154 Md. 195, 202, 140 A. 70. We see no error in the granting of this instruction.

The last objection is to a third instruction prayed by the plaintiff, and granted, that, if it should be found that the

taxicab containing the plaintiff approached the crossing with due care, at a reasonable rate of speed and under control, and that Miller, in his car, was approaching the intersection from the left on Franklin Street, and that, as Miller approached, the "said taxicab was proceeding southerly across the said intersection, then it was the duty of Miller to give the right of way to the taxicab," and if by failing to do so he caused the accident, he would be liable. This instruction was granted in connection with one prayed by the defendant, Miller, which excepted the case from the rule laid down, if it should be found that the cab came into the crossing unnoticed by reason of its being on the wrong side of Schroeder Street. To the instruction granted for the plaintiff it is objected, first, that this, like the instruction granted on the plaintiff's second prayer, was unfair because of its singling out of Miller as the driver solely responsible for the collision. And this objection has been sufficiently answered, we think, in the discussion of that second prayer. It is further objected to the instruction on the plaintiff's third prayer, that the rule of the right of way is laid down as applying upon a finding of due care in the driving of the taxicab only as it approached the crossing, without reference to a possible finding that it was then driven across Franklin Street negligently. The prayer is concerned with the rule of the right of way, and the sum and substance of it is contained in the portion quoted, that, if the taxicab was crossing as Miller approached, Miller should have yielded the right of way. And that seems correct, whether the taxicab was crossing with or without due care, unless, as the court instructed the jury on the defendant's prayer, the taxicab entered the crossing unnoticed because on the wrong side of the street. The only negligence suggested on the part of the taxicab driver was in driving on the wrong side, and a finding of such negligence was fully provided for. We see no likelihood of the jury's having been misdirected by anything in the instruction, and no error in it.

*Judgment offirmed, with costs to the appellee.*