## HOERR *v.* HANLINE

[No. 176, September Term, 1958.]

414

416

*Decided March 20, 1959.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ., and DIGGES, J., Associate Judge of the Seventh Judicial Circuit, specially assigned.

*Franklin Somes Tyng* and *T. Carroll Brown,* with whom was *A. Freeborn Brown* on the brief, for the appellant.

*Leonard H. Lockhart,* with whom was *Charles M. Huester* on the brief, for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

One of the defendants below, Donald J. Hoerr, has appealed from a judgment rendered against him for damages sustained by the plaintiff when the plaintiff's passenger car, which he was driving, collided with the left rear end of defendant's dump truck, which had been left standing partly on the highway.

The accident occurred on the Aberdeen Proving Grounds on December 1, 1956, at about 6:40 p. m. The evening was

dark, and the scene of the collision was in an unlighted area. The highway was straight and level in both directions, with a speed limit thereon of 25 miles per hour. The dump truck had been parked so that about two feet of its left rear end overhung the highway. At the time of the collision, another car was approaching the plaintiff from an opposite direction and had reached a point 50 to 75 feet away at the moment of impact. The plaintiff testified that his lights and those on the approaching car were on low beam; and he did not see the parked truck until just before running the extreme right side of his automobile into it when he pulled over slightly to let the approaching car pass. The passenger car was severely damaged and plaintiff injured. Additional facts will be added as necessary in dealing with the respective contentions of the parties.

## I

The appellant made motions for directed verdicts at the close of the plaintiff's case and also at the close of the taking of all of the testimony, and claims that both motions should have been granted. The plaintiff had brought suit against the appellant as the owner of the truck, and his alleged agent, one Ules B. Bare, as the operator thereof. The declaration contained but one count and the only negligence alleged was that of Bare in stopping and leaving the truck partly upon the highway. The appellant did not deny the ownership of the truck in his plea—both he and Bare plead the general issue. At the trial, the plaintiff offered no evidence concerning Bare, either as to his being the defendant's agent or his negligence, contenting himself with proving the collision and his [plaintiff's] damages. At the close of plaintiff's testimony, both defendants moved for directed verdicts. The court granted Bare's motion and denied Hoerr's, evidently upon the theory that when Hoerr admitted ownership of the truck by failing to deny the same in his next pleading, Code (1951) Article 75, Section 28 (109), a presumption arose that its operator was Hoerr's agent acting within the scope of his employment.

This required appellant's counsel to make the rather deli-

cate decision of standing upon their motion or offering testimony. They chose the latter by offering the appellant as a witness, and, in so doing, they withdrew the motion for a directed verdict at the close of plaintiff's testimony (Maryland Rule 552 b) ; hence, we do not reach the question of the correctness of the court's ruling on this motion, consequently we proceed directly to the motion for a directed verdict at the close of all of the evidence.

In ruling upon this motion, we must consider all of the testimony taken. When Hoerr took the stand he testified that he was the owner of the truck; that he was not driving it on the day of the accident and he did not know who was; that he had not seen it for some three or four weeks, at which time he had turned it over to Bare; and, as far as he knew, Bare was driving the truck when it was left on the roadside. He stated that he "had this dump truck being operated [at the time of the accident] by a driver [Bare] on a percentage basis," but his explanation of his arrangement with Bare leaves it uncertain whether Bare was Hoerr's employee, an independent contractor, a bailee of the truck, or whether the two were engaged in a joint adventure.

### (a)

The appellant first argues with reference to the point under consideration that the suit was brought upon the doctrine of *respondeat superior* and the only negligence claimed was that of the alleged employee, Bare; consequently, when the court granted Bare's motion for a directed verdict, this absolved the appellant from responsibility, because he was sued only as the principal of Bare. *Barone v. Winebrenner,* 189 Md. 142, 146, 55 A. 2d 505, *Leimbach v. Bickford's, Inc.,* 214 Md. 434, 439, 135 A. 2d 633, are cited in support of this claim. The argument would have controlling force if there had been an actual finding here, as there was in each of the above cases, that the alleged agent or employee was free from negligence; but here we simply had a ruling at the end of plaintiff's case that insofar as the defendant Bare was concerned, the evidence, unaided by any presumptions such as applied to Hoerr as the owner and the testimony of Hoerr

when he was upon the stand, was insufficient to connect Bare with the truck that had been negligently left upon the highway. It is one thing to have an affirmative finding that a servant was not guilty of the negligence for which the master is sought to be held and quite another to find merely that the plaintiff has been unable to offer evidence to connect the servant, personally, with the negligence actually established by the proof. In the first instance, such a finding would necessarily exonerate the master; because, if the servant were not guilty of the negligence for which the master is being sued, the master has no liability. On the other hand, if negligence by someone has been established and the alleged servant must be granted a directed verdict in his favor for failure to connect him with such negligence, it does not necessarily follow that the plaintiff is precluded from showing, as against the master, that the servant, in reality, was the one who committed the negligent act. He may be aided by presumptions or testimony offered by the defendant. Under the circumstances, we hold that the granting of Bare's motion for a directed verdict at the close of the plaintiff's case did not make it necessary to grant Hoerr's like motion at the close of all of the testimony. Cf. *Schmidt v. Millhauser*, 212 Md. 585, 589, 130 A. 2d 572.

## (b)

The appellant assigns as another reason why his motion should have been granted a claim that the positive and undisputed evidence discloses that Bare was not his servant or employee. When the court ruled upon his motion at the close of all of the testimony, there had been evidence of the negligent parking of the truck, damage to the plaintiff as a result of such negligence, and a statement by Hoerr that he owned the truck and, as far as he knew, Bare was driving it on the day of the accident. At this stage of the trial, there was a presumption that whoever was driving the truck was the agent, servant or employee of its owner acting within the scope of his employment. *Finney v. Frevel*, 183 Md. 355, 359, 37 A. 2d 923; *Taylor v. Freeman*, 186 Md. 474, 477, 47 A. 2d 500; *Fowser Fast Freight v. Simmont*, 196 Md.

584, 588, 78 A. 2d 178. This presumption is rebuttable; but, the evidence required to destroy it as a matter of law must be both uncontradicted and conclusive, and if the evidence as to agency be contradicted, or if uncontradicted is not conclusive, the question of agency should be submitted to the jury. *Fowser Fast Freight v. Simmont, supra,* and cases there cited. In the instant case, Hoerr's testimony concerning the relationship between him and Bare was not contradicted; but, as indicated above, it was far from conclusive. We can discover no error in the court's having submitted the question of agency to the jury, provided it had been accompanied by a suitable and proper instruction in relation thereto. *Grier v. Rosenberg,* 213 Md. 248, 255, 131 A. 2d 737.

## II

The trial court, in its charge, included the following:

> "If you find that, at the time of the accident complained of, the truck belonging to the defendant Hoerr was being used under *an arrangement between Bare and the defendant Hoerr*: and, if you further find that the truck was left standing in a negligent manner, then and in that event such negligence may be imputed to Hoerr." (Emphasis supplied.)

This instruction is too broad. It told the jury that Hoerr was responsible for Bare's negligence if the truck were being used under an "arrangement" between the two. This embraced any use being made of the truck as a result of an agreement between Hoerr and Bare, irrespective of the relation between them. All of the authorities agree that the rule of *respondeat superior,* which requires one person to answer for the acts of another, arises from the relation of principal and subordinate. It only applies when the relation of master and servant, employer and employee or principal and agent is shown to exist between the wrongdoer and the person sought to be charged for the result of the wrong. It does not apply when the wrongdoer is an independent contractor, even though

there be an agreement or "arrangement" between him and the person who is claimed to be responsible for the wrong. *Greer Lines Co. v. Roberts,* 216 Md. 69, 78, 139 A. 2d 235; 2 Mechem, *Agency* (2d Ed.), Section 1858. For this error in the charge, the judgment must be reversed and the case remanded for a new trial.

### III

The appellant's last contention is that the appellee was guilty of contributory negligence as a matter of law. It is, of course, the duty of an operator of a motor vehicle upon a public highway at night to observe constantly the highway in front of him in order to discover persons and other vehicles thereon and avoid colliding with them, and to keep his motor vehicle under such control that he may readily operate or stop it so as to avoid such a collision. And, in this regard, it is his duty to keep an effective lookout, *i. e.,* to see what he could have seen had he exercised due care under the existing circumstances. *Victor Lynn Lines, Inc. v. State,* 199 Md. 468, 477, 87 A. 2d 165. However, negligence is a relative term; in the abstract it is not recognized in law. It derives its legal significance only where it is associated with a given body of factual conditions and circumstances. When those circumstances include the fact that the operator of a motor vehicle at night had his vision interfered with by the approaching lights of another motor vehicle, the courts in different States are not in accord. We recently had the question before us in a case quite similar to the one at bar. *Ford v. Bradford,* 213 Md. 534, 543-545, 132 A. 2d 488. In that case, we analyzed most of the previous Maryland cases on the subject, and pointed out that a motorist, who continues on his course after his vision has been interfered with by approaching lights, should not, ordinarily, be held guilty of contributory negligence as a matter of law. We stated that in determining whether a motorist was contributorily negligent as a matter of law in failing to observe a stationary vehicle obstructing the highway ahead, no hard and fast rule should be laid down. The surrounding circumstances and the facts of each individual case should be considered; the

test being what an ordinarily prudent person would have done under similar circumstances. We held there that the question of contributory negligence should have been submitted to the jury; and we can discover, in the facts stated above, no action on the part of the plaintiff herein of such a distinct, prominent and decisive character that would necessitate a ruling that the plaintiff was contributorily negligent as a matter of law. Under the circumstances existent at the time of the collision, the question of contributory negligence was properly submitted to the jury.

*Judgment reversed, with costs, and
case remanded for a new trial.*