CAMPFIELD, ET AL. *v.* CROWTHER

[No. 422, September Term, 1967.]

*Decided January 14, 1969.*

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, FINAN and SMITH, JJ.

*Edward C. Bell* for appellant John William Campfield. *Leon Shampain,* with whom were *Vaughn & Shampain* on the brief, for appellant Chancy Daniel Hill.

*W. Hamilton Whiteford,* with whom was *William B. Whiteford* on the brief, for appellee.

BARNES, J., delivered the opinion of the Court.

This appeal is from a judgment of $100,000 entered in favor of Paul James Crowther, the appellee and plaintiff below, against the appellants John W. Campfield and Chancy Daniel Hill, defendants below, by the Circuit Court for Prince George's County (Meloy, J.) upon a verdict by the jury for $175,000, later reduced to $100,000, in an action by Crowther to recover for personal injuries resulting from an automobile accident on Maryland Route 301 in the early morning hours of February 16, 1964.

Inasmuch as the plaintiff Crowther recovered a verdict below, we must review the facts in the light most favorable to him, where those facts are in dispute or where more than one inference may reasonably be drawn from them. *Cassell v. Pfaifer,* 243 Md. 447, 453, 221 A. 2d 668, 671 (1966).

Hill, aged 17, whose license to operate a motor vehicle had been revoked, went to the Hideaway Restaurant and Bar in Prince George's County, with Campfield, aged 19, in Campfield's automobile. Campfield, who knew that Hill's license had been revoked, picked Hill up at Hill's home early in the evening of February 15, thereafter obtained a six pack of beer and they had a few beers. Hill testified that he had not eaten since the previous day. Around 10:00 p.m. they went to the Hideaway Restaurant to have some drinks and dance with the girls they might meet there. Hill was "feeling the beer" before he arrived at the Hideaway Restaurant. Although he had nothing to eat at the restaurant, he had more beer and some "screwdrivers," which Hill said he did not know contained alcohol. In any event, Hill became intoxicated. When the two lads arrived at the Hideaway Restaurant, Campfield left the automobile keys in the ignition. During the evening Campfield told

Hill that he was leaving the bar with a girl, and that Hill could drive the car home if Campfield did not return. Campfield left the Hideaway at some point during the evening. Sometime after 1:00 a.m., Hill, who was quite intoxicated and had difficulty in maintaining his balance, left the Hideaway, and after regurgitating several times, went to Campfield's automobile to lie down on the front seat. He went to sleep there and after a while heard horns blowing. When he awakened he realized that Campfield's automobile was parked in an alleyway and a truck wanted to get by it. He then backed the car out of the parking place, pulled on to the road that runs in front of it, and started down the road looking for a place to turn around. Hill remembered trying to hold the car on the road but nothing further until he woke up in the hospital.

The plaintiff Crowther was driving south on Route 301 when his automobile was sideswiped by a vehicle traveling north and attempting to pass other northbound vehicles. After the impact, the passing northbound automobile proceeded a short distance down the highway and then turned around in a used car lot and stopped. Crowther, who had stopped his car, then left it, crossed to the opposite or east shoulder of the highway and began to run north on the shoulder toward the other stopped vehicle. As Crowther neared the other car, it suddenly moved from its stopped position and then went forward in a southerly direction on the northbound lane and shoulder of the highway. Crowther attempted to jump out of the way, but was struck, went under the car and was pinned there. Crowther was dragged a considerable distance down the road and was severely injured. A witness to the accident gave the police a description of the automobile and its license number. The Campfield car was recovered shortly thereafter, and Crowther was taken to the hospital. Hill testified that after the accident Campfield visited him and requested Hill to state that he took the car keys from Campfield's jacket, but that Hill refused to do this "because it was not true." Campfield denied this episode, testified that he had not left the keys in the ignition but in his jacket pocket, that he had left his jacket in the car and that when Campfield left the Hideaway Restaurant, both Hill and his automobile were gone. As we have indicated, we must accept the version

of the facts most favorable to the plaintiff Crowther. Campfield admitted that Hill was "pretty well loaded" and as we have indicated, Campfield was aware that Hill's license had been revoked.

Five questions are presented to us. Campfield presents the following questions:

1. Did the trial court err in declining to submit to the jury the issue of Crowther's contributory negligence? (Hill joins in submitting this question to us.)

2. Did the trial court err in refusing Campfield's motion for a directed verdict on the ground that Hill's acts were intentional, willful, premeditated and malicious?

3. Did the trial court err in refusing Campfield's motion for a directed verdict on the ground that there was no evidence legally sufficient to support a jury finding that Hill was Campfield's agent?

Hill presents the following additional two questions:

4. Did the trial court err in refusing Hill's motion for a directed verdict on the ground that there was no sufficient evidence to prove that Hill was behind the wheel of the vehicle that struck Crowther and, in any event, in instructing the jury that Hill was guilty of negligence as a matter of law?

5. Did the trial court err in admitting evidence in regard to alleged pleas of guilty by Hill at the hearing of the traffic case?

In our opinion, the trial court committed no reversible error and the judgment will be affirmed.

1.

At the end of the testimony in the case, the trial court granted the motion of the plaintiff Crowther that Hill was guilty of negligence as a matter of law and that Crowther was not guilty of any contributory negligence. Campfield duly excepted to the trial court's instruction to the jury in accordance with its ruling on Crowther's motion.

Campfield properly observes that ordinarily the issue of contributory negligence is for the jury. *Williamson Truck Lines, Inc. v. Benjamin,* 244 Md. 1, 8, 222 A. 2d 375, 379 (1966). It is only when the minds of reasonable persons cannot differ on the issue of contributory negligence, that the trial court is

justified in deciding the issue as a matter of law. As Judge Horney, for the Court, aptly stated in *Wiggins v. State,* 232 Md. 228, 237, 192 A. 2d 515, 520-21 (1963) :

> "The absence or presence of contributory negligence is generally a question for the jury. *Jackson v. Forwood,* 186 Md. 379, 47 A. 2d 81 (1946). It is only where the minds of reasonable persons cannot differ that the court is justified in deciding the question as a matter of law. *Brown v. Bendix Aviation Corp.,* 187 Md. 613, 51 A. 2d 292 (1947) ; *Thomas v. Baltimore Transit Co.,* 211 Md. 262, 127 A. 2d 128 (1956) ; *Boyd v. Simpler,* 222 Md. 126, 158 A. 2d 666 (1960). And if there is no evidence of acts or conduct from which reasonable minds could find or infer negligence on the part of a plaintiff, it would be error not to withdraw the issue of contributory negligence from the consideration of the jury. *Lindenberg v. Needles,* 203 Md. 8, 97 A. 2d 901 (1953) ; *Thomas v. Baltimore Transit Co., supra.*"

Contributory negligence is the neglect of the duty imposed upon all men to observe ordinary care for their own safety. It is the doing of something that a person of ordinary prudence would not do, or the failure to do something that a person of ordinary prudence would do, under the circumstances. *Baltimore County v. State,* 232 Md. 350, 362, 193 A. 2d 30, 37 (1963). The conduct of the plaintiff which falls below this standard of care must be a legally contributing cause cooperating with the defendant's negligence in bringing about injury to the plaintiff. *Craig v. Greenbelt Consumer Services, Inc.,* 244 Md. 95, 97, 222 A. 2d 836, 837 (1966). The plaintiff, however, is not bound to anticipate every possible injury which might occur and every possible eventuality. As Judge (now Chief Judge) Hammond stated, for the Court, in *Sanders v. Williams,* 209 Md. 149, 152, 120 A. 2d 397, 398 (1956) :

> "As is true of primary negligence, one measure of contributory negligence is the need, in a given situation, to anticipate danger. Presence or absence of rea-

sonable foresight is an essential part of the concept. One is charged with notice of what a reasonably and ordinarily prudent person would have foreseen and so must foresee what common experience tells may, in all likelihood, occur, and to anticipate and guard against what usually happens. On the other hand, one is not bound to anticipate every possible injury that may occur or every possible eventuality."

In the present case, the evidence established that the defendant Hill sideswiped the plaintiff Crowther's vehicle while Hill was attempting to pass other northbound automobiles. Crowther stopped his automobile and then left it to obtain the license number of the Hill vehicle—a normal reaction for a reasonable person involved in an accident. When Crowther approached the Hill vehicle it was completely stopped. Then, suddenly and without warning, the Hill vehicle moved from its stopped position, traveled in a *southerly direction* on the *northbound lane and shoulder,* striking Crowther. Crowther, as a reasonably prudent man, was not required to anticipate that Hill would suddenly drive the *wrong way* down the *wrong side* of the highway. Even if we were to assume that Crowther should have known that the driver of the vehicle which struck him was intoxicated, he cannot be charged with foreseeing the occurrence of such extraordinary behavior. The sole and proximate cause of the injury to Crowther was the negligent act of Hill in operating the automobile down the wrong side of the highway and on its shoulder, and, as we have said, Crowther was under no duty to anticipate or foresee that this event was likely to happen.

Both Campfield and Hill contend that a reasonably prudent person would not leave the safety of his automobile and approach the Hill automobile just after it had sideswiped his vehicle. If Crowther had been struck by a vehicle proceeding normally on the highway while he was crossing the highway there might be force to this argument but, as we have seen, this is not what happened in the present case. In our opinion, under the unusual facts in the instant case, the trial court properly instructed the jury that Crowther was not negligent as a matter of law.

## 2.

The defendant Campfield moved for a directed verdict in his favor on the count in the declaration alleging negligent entrustment on the ground that Hill had intentionally struck Crowther, relying upon the statement of our predecessors in *Adams v. Carey,* 172 Md. 173, 186, 190 A. 815, 821 (1937) that "[I]f the tortious act is intentional, it may be willful, wanton, or fraudulent, but not negligent * * *." Although the statement is correct as an abstract statement of law, there is no evidence in the present case sufficient to support a finding of intentional injury as a matter of law. On the contrary, the evidence establishes that Hill had been drinking, on an empty stomach, for a number of hours and was so intoxicated that he had become almost unconscious. After his recollection of driving the automobile to get it out of the alley and trying to hold the car on the road, he had no recollection of subsequent events until he awoke in the hospital. There is no evidence in the case that Hill ever saw Crowther prior to striking him, or ever formed *any* intent in regard to him, so that there was no evidence in the case that Hill intentionally sought to run him down. On the contrary, the evidence is totally consistent with the conclusion that Hill was merely acting recklessly and negligently, however gross that negligence might be. The trial court properly denied Campfield's motion for a directed verdict on the ground of intentional injury by Hill.

Campfield also contended that even if the trial court were correct in refusing his motion for a directed verdict on this ground, it should at least have submitted this issue to the jury as a special issue as Campfield requested. This matter is in the sound discretion of the trial court, under Maryland Rule 560, and we will only reverse the trial court's action if there is an abuse of discretion. *Smith v. Branscome,* 251 Md. 582, 248 A. 2d 455 (1968). In our opinion there was no abuse of discretion by the trial court in declining to submit the special issue.

## 3.

Campfield contended that his motion for a directed verdict in his favor should have been granted by the trial court because there was no evidence to submit to the jury that Hill was the agent of Campfield.

It is presumed that the operator of an automobile is the agent, servant or employee of the owner of the vehicle acting within the scope of his employment. *Hoerr v. Hanline,* 219 Md. 413, 149 A. 2d 378 (1959). This presumption is rebuttable, but to rebut the presumption as a matter of law the evidence required to accomplish this must be both *uncontradicted and conclusive.* As Judge (later Chief Judge) Prescott stated, for the Court, in *Hoerr v. Hanline, supra*:

> "This presumption is rebuttable; but, the evidence required to destroy it as a matter of law must be both uncontradicted and conclusive, and if the evidence as to agency be contradicted, or if uncontradicted is not conclusive, the question of agency should be submitted to the jury." (219 Md. at 420, 149 A. 2d at 381.)

The evidence bearing on Hill's agency is conflicting. Although Campfield stated that his automobile had been taken without his permission, Hill testified that Campfield had told him to take the car home if Campfield left the Hideaway Restaurant. Hill also testified that Campfield did, in fact, leave shortly thereafter, and that he, Hill, was attempting to drive the car so that other vehicles could get through the alley which Campfield had blocked when he parked his car earlier in the evening. As the jury was free to accept Hill's version, they could have drawn any reasonable inference from it. Hill's testimony as to Campfield's instructions is certainly susceptible to several different interpretations, *e.g.,* was Hill to drive the car to Campfield's home or to Hill's home; was Hill supposed to wait for Campfield to return, or was he free to leave with the car? Certainly, one legitimate inference that could be drawn from the testimony was that Campfield intended that Hill would take control of the automobile for him and accordingly, that Hill was acting within the scope of the agency when he was driving the vehicle. Even if Hill were acting in violation of his instructions, it cannot be said, as a matter of law, that he was acting outside of the scope of his agency. *Fowser Fast Freight v. Simmont,* 196 Md. 584, 78 A. 2d 178 (1951).

### 4.

The defendant Hill contends that the trial court should have

granted his motion for a directed verdict in his favor on the ground that there was no legally sufficient evidence to establish that Hill was behind the wheel of the vehicle which struck the plaintiff, Crowther. We do not agree with this contention.

Hill admitted that he was in the Campfield car sometime after 1:00 a.m. He further admitted that after hearing the horn of a truck, he drove the vehicle from the alley on to the highway, and that his last conscious recollection was in making an effort to keep the vehicle on the road. This same vehicle, while being operated by a man, struck the plaintiff Crowther during the "early morning" of February 16, 1964 according to the witness Crowley who was driving south on the highway and witnessed the accident. A short time later, the vehicle was recovered several miles from the scene of the accident, still on Route 301, after having been involved in another accident. Inasmuch as the evidence established that Hill was operating Campfield's car when the trip began and was operating it on the highway shortly before the accident occurred, there is a presumption of fact that his operation of the vehicle continued for a reasonable time. This presumption of continuance is not a legal presumption, but is a presumption of fact and when the fact of operation by Hill was established, the burden shifted to the defendant Campfield to come forward with evidence to prove that the fact no longer existed.

In an injunction suit in which it was necessary for the plaintiff to prove that certain contracts continued in force for a certain period after it had been established that they were in force, Chief Judge Ogle Marbury stated, for the Court, in *Donner v. Calvert Distillers Corp.*, 196 Md. 475, 490, 77 A. 2d 305, 311 (1950):

> "There is, within certain limits, a presumption of fact that something which has been proved to exist continues to exist for a reasonable time, depending on what it is and the circumstances of the case. This is known as the presumption of continuance, and it is held to be not a legal presumption, but a matter of the burden of proof. In other words, from the circumstances and facts of each particular case are to be deter-

> mined whether a necessary fact, once proved, has to
> be shown by the prosecution to continue to exist, or
> whether there is a presumption of such continuance,
> and the burden shifts to the defendant to prove that it
> no longer exists."

See generally 31A C.J.S. § 124 (1), at 222 (1964).

The evidence in the present case establishes the fact of Hill's operation of the Campfield vehicle a short time prior to the accident in question. There was no evidence that there was any person other than Hill in the vehicle. His operation of a motor vehicle is a fact which is presumed to have continued for a reasonable time under the circumstances until evidence showed that it had ceased.

No facts rebutting the presumption of continuance were produced by Campfield so that, viewing the testimony most favorably to Campfield, the only reasonable conclusion was that Hill was the operator of the Campfield car at the time it struck the plaintiff, Crowther. The trial court, therefore, properly denied Hill's motion for a directed verdict on this ground and properly instructed the jury that the defendant Hill was guilty of negligence as a matter of law.

### 5.

Finally, the defendant Hill contends that the trial court erred in admitting evidence in regard to alleged pleas of guilty by Hill at the traffic hearing. The record indicates the following testimony of Hill in this regard:

> "Q. (By counsel for the plaintiff Crowther) Do you
> recall appearing at the traffic hearing of the charges
> against you arising out of this accident? A. Yes,
> sir."

Counsel for Hill indicated that he was going to object to this and requested that counsel approach the bench. This request was granted and the record then shows:

> "(Whereupon, counsel approached the bench and a
> discussion was had off the record, at the conclusion of

which counsel returned to the trial table and the following proceedings were had:)

"The Court: Do you withdraw your objection?

"(Counsel for Hill): Yes.

"Q. Mr. Hill, at that traffic hearing it is correct, is it not, that through your attorney you pled guilty to the charge of reckless driving, failing to stop after a personal injury accident, failure to keep to the right of center, and failure to stop after a property damage accident? Is that correct? A. I'm not sure because my lawyer handled all my pleas.

"Q. You were there when he entered the pleas? You were there through the whole proceedings? A. Yes, but I don't remember.

"(Counsel for Hill): Your Honor, on that basis, I would move that his question and answer be stricken. It's not a responsive answer, and there is a proper way of getting any of these pleas in. The witness testified he had no personal knowledge of what was done.

"The Court: Overruled. Motion denied."

Later, on cross-examination by counsel for Campfield, Hill was asked:

"Q. You don't even remember what charges your lawyer entered pleas for you in court, other than this one, do you? A. No, sir.

"Q. You don't recall that? A. *He told me.*

"Q. Were you there? A. Yes, sir, I was. He approached the bench.

"Q. *He never told you?* A. *No, sir.*" (Emphasis supplied.)

Then on cross-examination by his own counsel, Hill testified:

"Q. Do you know personally, *of your own personal knowledge,* what, if any, charges your lawyer pleaded you guilty to? A. No, sir." (Emphasis supplied.)

Hill contends that the evidence should have been stricken out in accordance with his counsel's motion inasmuch as neither the transcript of testimony in the traffic court proceedings nor

any official records of those proceedings were offered into evidence.

The evidence was offered by the plaintiff Crowther in order to prove that Hill was the operator of the Campfield car at the time of the accident and it is established that an admission of guilt in the traffic court is admissible in evidence in a subsequent civil proceeding arising out of the same accident. *Miller v. Hall,* 161 Md. 111, 113-114, 155 A. 327, 329 (1931). A judicial admission by an attorney in the presence of his client is admissible in subsequent litigation. In *Secor v. Brown,* 221 Md. 119, 156 A. 2d 225 (1959), the trial court had refused to permit the introduction of evidence of an admission made by the defendant's attorney at a prior traffic court hearing. In reversing the trial court and holding that the evidence was admissible in evidence, Judge (later Chief Judge) Henderson, for the Court, stated:

> "But there is a *prima facie* presumption that an attorney has authority to bind his client by his actions relating to the conduct of litigation. *Posko v. Climatic Control Corp.,* 198 Md. 578, 584; *Wanzer v. State,* 202 Md. 601, 608; *Thomas v. Hopkins,* 209 Md. 321, 327; *Smith v. Warden,* 213 Md. 643. Cf. 2 *Restatement (Second), Agency,* § 284, comment e (1958). This is particularly true of stipulations or admissions made in the course of a trial. The appellee contends, however, that while a client may be bound by an admission by counsel in a pending case, he is not bound in subsequent litigation, and especially where a different issue is presented. We see no reason for the distinction. It is generally recognized that admissions made by an attorney may be available, for proper evidential purposes, in other litigation. See 4 Wigmore, *Evidence,* § 1063 (3d ed., 1940), McCormick, *Evidence* § 244, p. 520 (1954), and *McGarity v. New York Life Ins. Co.,* 359 Pa. 308, 59 A. 2d 47, 50." (221 Md. at 123-24, 150 A. 2d at 227.)

The question presented here is whether this testimony should have been admitted by the court below as constituting an ad-

mission by the appellant, or excluded as prejudicial. We are of the opinion that guilty pleas, made by an attorney, at a traffic court proceeding against his client, are well within the ambit of the decision in the *Secor* case, *supra* and are admissible as admissions against interest. However, the appellant, Hill, urges that the proper method of admitting such evidence would be by introducing court records pursuant to the provisions of Code, Art. 35 §§ 76, 81 and 82 (1965 Repl. Vol.). While this may well be the preferable method of introducing such evidence, we do not believe that it is necessarily the only proper method. In the present case, Hill admitted that he was present throughout the entire traffic proceeding but first stated that he didn't remember the pleas made by his attorney. Later he stated that his counsel in that proceeding "told me," but still later that his counsel "never told" him. This contradictory testimony may well be sufficient to justify a finding by a jury that there was an admission against interest, but we do not find it necessary to decide this question, as assuming, arguendo, that its admission was error, it was harmless error. As we have already indicated, the evidence that Hill was the operator of the Campfield vehicle at the time of the injury to the plaintiff Crowther was sufficient for the trial court to direct a verdict against Hill on that question, without considering the evidence in regard to the pleas in the traffic proceeding. This evidence may then be regarded as mere surplusage and not necessary to support the direction of the verdict against Hill on the issue of liability. See *Space Aero Products Co. v. R. E. Darling Co.,* 238 Md. 93, 208 A. 2d 74 (1965), *cert. den.* 382 U. S. 843, 86 S. Ct. 77, 15 L.Ed.2d 83; *Glen Burnie Shopping Plaza, Inc. v. Schreiber Bros., Inc.,* 220 Md. 303, 152 A. 2d 807 (1959). Its admission into evidence was, therefore, harmless error and would not require a reversal, assuming that it was improperly admitted. *Franklin Construction Co. v. Welch,* (No. 412, September Term, 1967 filed December 31, 1968) ; *Ridgeley v. Beatty,* 222 Md. 76, 159 A. 2d 651 (1960).

Finding no reversible error in any of the rulings by the trial court, the judgment will be affirmed.

> *Judgment affirmed, the appellants to pay the costs.*