854 A.2d 1180

**Linda J. CRANE**

v.

**Annie V. DUNN.**

**No. 109, Sept. Term, 2003.**

Court of Appeals of Maryland.

July 26, 2004.

Maureen D. Keogh (Dennis J. Farina, Denton, on brief), for appellant.

William C. Parler, Jr. (Parler & Wobber, L.L.P., Towson, on brief), for appellee.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA and GREENE, JJ.

GREENE, J.

■ "In Maryland, a guilty plea to a traffic citation is admissible in a civil trial; its probative value is deemed to outweigh any prejudicial effect. An express acknowledgment of guilt to the charged offense in open court is far more probative than a questionable acknowledgment of culpability that might be inferred from paying a preset fine in lieu of going to court." *Briggeman v. Albert,* 322 Md. 133, 139, 586 A.2d 15, 18 (1991).

In this case we must decide whether the trial judge correctly excluded evidence of a party's guilty plea, in traffic court, to the charge of negligent driving when that evidence was offered at a subsequent civil trial. We hold that the trial judge

misinterpreted our decision in *Briggeman* and erroneously excluded a party opponent's prior admission of guilt.

## FACTS

Linda J. Crane *("Crane")* and Annie V. Dunn *("Dunn")* were friends and co-workers who were involved in a single vehicle accident on August 19, 1998. The accident occurred while Crane and Dunn traveled home together after an evening at Midway Slots in Harrington, Delaware.[1] Dunn was driving her Toyota pickup and Crane was her passenger. No other people or vehicles were involved in the accident. Both parties testified and gave conflicting versions as to how the accident happened. Although they agree that Dunn left the main traveled portion of the roadway to avoid striking a deer, that the accident happened between 10:00 p.m. and 10:30 p.m., and that Dunn drove either below or at the posted speed of 50 mph, they gave contradictory versions of the specific details of the accident.

According to Crane, as Dunn drove along Whiteleysburg Road, Rt. 314 in Maryland, a deer ran parallel to the right side of the road and the pickup truck. Dunn swerved sharply to the left to avoid a collision and drove into a field, through a ditch, a fence and into another ditch before the vehicle came to rest. The vehicle traveled off the roadway approximately 50 feet. Crane explained that the deer was actually a car length away in front of them before it came across the road in front of the truck. On the other hand, Dunn testified that, as she drove along Rt. 314, Crane yelled, "watch out," and then she saw the deer for the first time, "coming out in front and that's when [she] swerved to the left." According to Dunn the deer did not run parallel with the truck until she swerved left. Dunn pointed out that her evasive actions were taken to "get around the deer," so she, "intentionally drove off the road"

---

1. Both Crane and Dunn drank alcohol during the course of the evening at the casino and before the accident. The parties stipulated, however, that the consumption of alcohol was not a cause of the accident and that there would be no reference to alcohol in the civil case.

into a field "to avoid the deer," and at no time applied her brakes to avoid striking the deer.

Prior to the civil trial in the Circuit Court for Caroline County, Dunn appeared in the District Court of Maryland sitting in Caroline County on December 17, 1998, and pleaded guilty to negligent driving, Md.Code (1977, 2002 Repl.Vol.), § 21–901.1(b) of the Transportation Article. The additional traffic citations for driving while intoxicated and driving under the influence, Md.Code (1977, 2002 Repl.Vol.), §§ 21–902(a) and (b) of the Transportation Article, respectively, were abandoned in the District Court proceedings.[2] The maximum penalty for negligent driving is $500, including administrative sanctions. Md.Code (1977, 2002 Repl.Vol.), §§ 27–101 and 16–402 of the Transportation Article.

Crane sued Dunn in the Circuit Court for Caroline County for damages resulting from Dunn's negligent operation of her motor vehicle. Dunn moved, *in limine*, to exclude any reference to her guilty plea to negligent driving. Even though Dunn pleaded guilty to negligent driving, the trial judge did not believe the plea constituted an express acknowledgment of responsibility for the accident and, instead, accepted Dunn's explanation, as recorded in her deposition answers, that she

---

**2.** No transcript of the District Court proceedings was offered into evidence at the civil trial. A Notice of *Nolle Prosequi* filed in the District Court proceedings was offered into evidence by Dunn's attorney. The Notice of *Nolle Prosequi*, however, does not identify the charge or charges *nolle prossed* by the State. Dunn, during her deposition, answered affirmatively to the question, "So the plea was they dropped the driving while intoxicated and driving under the influence charge?" The parties do not dispute that the alcohol related charge or charges were disposed of in the District Court and that Dunn pleaded guilty to negligent driving. As will be discussed further, Dunn's attorney's position at the time of the civil trial was that Dunn probably did not understand the difference between pleading guilty and paying a fine. He theorizes that "perhaps in return for the State agreeing to drop one charge she paid a fine, or cost or something for the negligent driving." The thrust of this argument is that the traffic court record is unclear and it is unknown "whether it was a guilty plea or a, simply [sic] or something was paid." Therefore, Dunn posits that the traffic court record is ambiguous and any testimony about the traffic court proceedings should be excluded as evidence in the civil trial.

was not admitting guilt when she pleaded guilty, but that she pleaded guilty only to avoid prosecution for more serious charges.[3] The trial judge concluded that the facts of the District Court traffic proceedings were ambiguous as to whether Dunn admitted guilt. In granting Dunn's motion *in limine* to exclude evidence the trial judge stated:

[T]he Court's going to grant Defense's Motion, based upon *Briggeman*, in reading the deposition as well as reading the case. I do agree Mr. Farina that in certain context if someone says, on the record and I doubt the guilt, there was any guilty plea on the record in District Court even if there was I don't have it in front of me. If she admitted her

---

3. Dunn's Answer to Interrogatory No. 26: "Question: If you were issued a traffic citation, ticket or summons, or if you were charged by any governmental body for any violation of the law with respect to the occurrence complained of, state the nature of the charge, the date, place and time of any hearing on said charge, the plea entered by you to said charge, the result or verdict entered by the court and the date thereof.

ANSWER: Ms. Dunn was cited with driving under the influence and negligent driving as a result of the occurrence. A hearing on the charges was held on December 17th, 1998, at which time Ms. Dunn pleaded guilty to negligent driving. The driving under the influence charge was dismissed. This plea was accepted by the court on that date."

In response to a series of deposition questions, Dunn stated:

"Q. Now, as a result of the police coming to the scene that evening, you were charged with driving while intoxicated and under the influence of alcohol and also negligent driving; were you not?

A. Yes.....

Q .... you pleaded guilty to negligent driving; didn't you?

A. Yes.

Q. And in your mind, you were admitting your responsibility for the accident?

A. No.

Q. No?

A. It was a plea they offered me. They dropped the other charge, and just to hasten everything and so everybody didn't have to go through a trial, I said okay.

Q. So the plea was they dropped the driving while intoxicated and driving under the influence charge?

A. Right.

Q. In your return to admitting to the negligent driving?

A. Right, which was 2 years—2 points.

Q. And you paid a fine and some costs or whatever at that time?

guilt, on the record at, in District Court that really would have been an admission, that would have been admissible despite *Briggeman.* But based upon her own deposition testimony at page 14, she talks about she specifically says, she wasn't admitting her responsibility, it was a plea they offered me, they dropped other charges, just to hasten everything. That in and of itself is enough ambiguity to me, to cloud or to cause me to doubt whether her payment of the fine or the acceptance of the plea was an admission of the guilt or as you said she wanted to take the benefit of the bargain, so as not to be exposed to the greater penalties that she may have been exposed ... to for DUI. . . .

At the conclusion of the trial in the Circuit Court the jury returned a verdict in favor of Dunn on the issue of liability. Crane filed a motion for new trial which the court denied. Subsequently, Crane filed an appeal to the Court of Special Appeals. Before argument in the intermediate appellate court, this Court granted Crane's petition for a writ of certiorari. *Crane v. Dunn,* 379 Md. 224, 841 A.2d 339 (2004).

## Standard of Review

 The exclusion of competent, relevant and material evidence may constitute prejudice and result in reversible error. *Stacy v. Burke,* 259 Md. 390, 269 A.2d 837 (1970); *see also Regal Const. Co. v. West Lanham Hills Citizen's Ass'n.,* 256 Md. 302, 260 A.2d 82 (1970). It is the policy of this Court not to reverse for harmless error and the burden is on the appellant in all cases to show prejudice as well as error. *Rippon v. Mercantile Safe Deposit Co.,* 213 Md. 215, 222, 131 A.2d 695, 698 (1957) (quoting *Sieland v. Gallo,* 194 Md. 282, 71 A.2d 45; *Balto. Transit Co. v. Castranda,* 194 Md. 421, 71 A.2d 442). Prejudice will be found if a showing is made that the error was likely to have affected the verdict below. "It is not the possibility, but the probability, of prejudice which is the object of the appellate inquiry." *State Deposit Ins. Fund Corp. v. Billman,* 321 Md. 3, 17, 580 A.2d 1044, 1051 (1990)

---

A. I don't remember. I don't remember paying anything."

(citing *Harford Sands, Inc. v. Groft,* 320 Md. 136, 148, 577 A.2d 7, 12–13 (1990)). "Courts are reluctant to set aside verdicts for errors in the admission or exclusion of evidence unless they cause substantial injustice." *Hance v. State Roads Comm.,* 221 Md. 164, 176, 156 A.2d 644, 650–651 (1959). Substantial prejudice must be shown. *Id.* To justify the reversal, an error below must have been ". . . both manifestly wrong and substantially injurious." *Rotwein v. Bogart,* 227 Md. 434, 437, 177 A.2d 258, 260 (1962) (quoting 2 Poe on Pleading and Practice (Tiffany's ed.), § 287, p. 249.)

■ Maryland Rule 5–103(a) provides, in pertinent part, that "error may not be predicated upon a ruling that admits or excludes evidence unless the party is prejudiced by the ruling. . . ." Maryland Rule 5–104(a) entrusts to the court questions of admissibility of evidence. Likewise, pursuant to Rule 5–104(a) "[p]reliminary questions concerning . . . the admissibility of evidence shall be determined by the court." Thus, the court's duty is to determine whether such preliminary facts exist to support the admissibility of evidence. The court generally applies the preponderance of the evidence standard in making that determination. See *Bourjaily v. United States,* 483 U.S. 171, 175–76, 107 S.Ct. 2775, 2778–79, 97 L.Ed.2d 144, 152–53 (1987).

Judge Harrell, on behalf of this Court, explained the difference between our review under the abuse of discretion standard and legal error. He said:

Application of [the abuse of discretion] standard, however, depends on whether the trial judge's ruling under review was based on a discretionary weighing of relevance in relation to other factors or on a pure conclusion of law. When the trial judge's ruling involves a weighing, we apply the more deferential abuse of discretion standard. On the other hand, when the trial judge's ruling involves a legal question, we review the trial court's ruling *de novo.*

*J.L. Matthews, Inc. v. Maryland–National Capital Park,* 368 Md. 71, 91–92, 792 A.2d 288, 300 (2002) (footnote and internal citations omitted).

### Admissibility of guilty pleas to minor traffic offenses in subsequent civil litigation arising out of the same occurrence

In *Brohawn v. Transamerica Insurance Company*, 276 Md. 396, 347 A.2d 842 (1975), we acknowledged that a plea of guilty to the crime of assault may be introduced in a subsequent civil proceeding, emphasizing that the guilty plea may be rebutted or explained in the subsequent proceeding. We reaffirmed the general proposition and the rationale for the introduction of the plea in the civil context:

> A plea of guilty to a criminal charge may be introduced in a subsequent civil proceeding as an admission. *Campfield v. Crowther*, 252 Md. 88, 100, 249 A.2d 168 (1969). But this admission does not conclusively establish liability. Instead, it may be rebutted or explained in the subsequent civil case in which it is admitted. *Nicholson v. Snyder*, 97 Md. 415, 425, 55 A. 484 (1903); *Teitelbaum Furs, Inc. v. Dominion Insurance Company*, 58 Cal.2d 601, 25 Cal.Rptr. 559, 375 P.2d 439, 441 (1962) (citations omitted). Justice Traynor, for the Supreme Court of California, explained the reasons underlying this rule in the *Teitelbaum* case (25 Cal.Rptr. 559, 375 P.2d at 441):
>
> > When a plea of guilty has been entered in the prior action, no issues have been "drawn into controversy" by a "full presentation" of the case. It may reflect only a compromise or a belief that paying a fine is more advantageous than litigation. Considerations of fairness to civil litigants and regard for the expeditious administration of criminal justice . . . combine to prohibit the application of collateral estoppel against a party who, having pleaded guilty to a criminal charge, seeks for the first time to litigate this cause in a civil action.

*Brohawn*, 276 Md. 396, 403–404, 347 A.2d 842, 848.

Although *Brohawn* involved a guilty plea to assault which was given in exchange for dismissal of kidnapping charges against Mrs. Brohawn, we find no support in our case law for

drawing a distinction between pleas of guilty to serious crimes and traffic or other minor crimes.[4] We have decided three cases involving the issue of admissibility of a guilty plea entered in traffic court as evidence in a subsequent civil proceeding arising out of the same occurrence. The most expansive discussion of the issue can be found in *Briggeman v. Albert,* 322 Md. 133, 586 A.2d 15 (1991). Although the discussion of the issue is limited in the other two cases, the cases are, nonetheless, relevant to our discussion. *See Campfield v. Crowther,* 252 Md. 88, 249 A.2d 168 (1969) (holding that a guilty plea to a criminal charge may be introduced in a subsequent civil proceeding as an admission) and *Miller v. Hall,* 161 Md. 111, 155 A. 327 (1931) (holding that the testimony of the defendant, at his subsequent civil trial for negli-

---

4. Some jurisdictions draw a distinction between minor traffic offenses and other crimes, resulting in the determination that evidence of a guilty plea to a minor traffic offense or other misdemeanor is inadmissible in a civil suit for damages arising out of the same traffic violation or minor crime. In *Loughner v. Schmelzer,* 421 Pa. 283, 218 A.2d 768 (1966), the Pennsylvania Supreme Court explained:

> [W]e recognize a valid existing distinction in cases involving the record of conviction of relatively minor matters such as traffic violations, lesser misdemeanors, and matters of like import. Especially in traffic violations, expediency and convenience, rather than guilt, often control the defendant's "trial technique."

*Loughner,* 421 Pa. at 284–85, 218 A.2d at 769.

This reasoning has been extended to guilty pleas. *See Cusatis v. Reichert,* 267 Pa.Super. 247, 253–54, 406 A.2d 787, 791 (1979). Other jurisdictions, however, follow Maryland and draw no such distinction. For example, the Idaho Court of Appeals, in *Beale v. Speck,* 127 Idaho 521, 530, 903 P.2d 110, 119 (1995) held that "evidence of a party's plea of guilty to a traffic infraction is admissible against that party in a subsequent civil proceeding arising from the same occurrence as an admission of a party-opponent." That Court felt it was a better policy to allow only pleas made in open court and not to distinguish between the seriousness of the offenses. The Court held that the pleas should be received into evidence as an admission, subject to explanation or rebuttal. The Court further held:

> Evidence of such a plea is not conclusive on the issue of negligence; the party against whom the evidence is offered is free to explain the circumstances under which the guilty plea was entered, and the jury, as the trier of fact, shall determine the weight to which that explanation is entitled.

*Id.*

gence, in which he pleaded guilty in traffic court to failure to yield the right of way, was an admission of fault and relevant).

In *Briggeman* we held that payment of a traffic fine is neither a guilty plea nor an express acknowledgment of guilt. Therefore, the payment of a traffic fine has no relevance to the subsequent civil proceeding arising from the same occurrence. *Briggeman,* 322 Md. at 137, 586 A.2d at 17. *Briggeman* involved a single vehicle accident that occurred when Phillip K. Albert, Jr. was driving his automobile in Ocean City and struck Betty L. Briggeman, a pedestrian. *Briggeman,* 322 Md. at 134, 586 A.2d at 15. At the scene, a police officer issued Mr. Albert a citation for failure to exercise due care for a pedestrian. *Id.* Mr. Albert had the option of paying the citation in lieu of appearing for trial in court. *Id.* Because the accident occurred in Worcester County and Mr. Albert resided in Howard County, he paid the fine to avoid a trial in Worcester County, which was a considerable distance from his home. *Id.*

In a civil tort proceeding regarding the same accident, the pedestrian sought to introduce Mr. Albert's payment of the fine as evidence that he admitted guilt for the accident. *Id.* The trial judge ruled that the evidence was inadmissible and the Court of Special Appeals affirmed. *Briggeman,* 81 Md. App. 482, 568 A.2d 865. We reviewed the matter, affirming the intermediate appellate court and holding that the payment of a traffic fine is not an admission of guilt because Mr. Albert "merely chose to exercise his statutory right ... to dispose of a traffic citation without appearing in court." *Briggeman,* 322 Md. at 136, 586 A.2d at 16. We pointed out that payment of a fine "is not the evidentiary equivalent of a guilty plea in open court." *Id.*

*Briggeman* draws a distinction between two categories of convictions—those that are admissible in evidence in a subsequent civil proceeding arising out of the same accident and those that are not. In the first category are guilty pleas, which support an admission of guilt:

Admissions, in the form of words or acts of a party-opponent, may be offered as evidence against that party. It is reasoned that allowing such an admission into evidence is fair, as the party-opponent's case cannot be prejudiced by an inability to cross-examine him or herself. Generally, when a guilty plea to a criminal charge is admitted in a subsequent civil action, it is under the auspices of an admission by a party-opponent. For this reason, a defendant may choose to plead *nolo contendere* in order to avoid the admissibility of the plea.

*Briggeman*, 322 Md. 133, 135, 586 A.2d 15, 16. (Footnote and citations omitted.)

 Admissions are "the words or acts of a party-opponent, or of his predecessor or representative, offered as evidence against him." *McCormick on Evidence*, § 262 at 628. Admissions are considered to be substantive evidence of the facts admitted. *Smith v. Branscome*, 251 Md. 582, 248 A.2d 455 (1968); *Terry v. O'Neal*, 194 Md. 680, 72 A.2d 26 (1950); *Lambros v. Coolahan*, 185 Md. 463, 45 A.2d 96 (1945); *Kirk & Sons v. Garrett*, 84 Md. 383, 35 A. 1089 (1896); *Maurice v. Worden*, 54 Md. 233 (1880). A party may offer into evidence against his opponent anything said by him as long as it illustrates some inconsistency with the facts now asserted by the opponent in pleadings or in testimony. *4 Wigmore on Evidence § 1048*, at p. 4 (Chadbourne rev. ed.1972). Admissions do not have to be against the speaker's interest when made and may even be made by someone not having personal knowledge of the fact admitted. Unlike some hearsay exceptions, the speaker need not be, and rarely is, unavailable. *McCormick on Evidence*, § 254 at 136.

Dunn's plea in District Court fits into this category of guilty pleas which are admissible under *Briggeman*. Evidence of Dunn's plea in traffic court is contained in her answer to interrogatory number 26. In accordance with Maryland Rule 2–421(d), answers to interrogatories may be used for any purpose to the extent permitted by the Rules of Evidence. Under Maryland Rule 5–803(a) an admission of a party-

opponent is admissible and is considered an exception to hearsay. Here, the trial judge noted that under *Briggeman*, "[if] [Dunn] admitted her guilt ... on the record, in District Court that really would have been an admission, that would have been admissible." Despite the clear statement of her admission of guilt as embodied in Dunn's answer to interrogatory number 26, the trial court erroneously determined that Dunn's guilty plea was ambiguous and, thus, inadmissible. In order to reach this conclusion the trial judge either ignored or discounted Dunn's express acknowledgment of guilt and gave greater weight to her explanation, embodied in her answers to deposition questions, of why she pleaded guilty. This was not the proper role of the trial court in determining admissibility of evidence.

The question of admissibility of evidence is different than the question of credibility. The later issue is reserved for determination by the trier of fact. Even if we were to assume that Dunn's guilty plea to negligence was ambiguous and did not constitute a clear expression of guilt, and we do not, it was an ambiguity that Dunn created and had the power to correct or explain. She was in the best position to articulate what happened in the District Court traffic case. Dunn could have produced a transcript or other recording of those proceedings or she could have testified in open court. Dunn was in the best position to explain to the trier of fact the reasons for her answer to interrogatory number 26 and the conflict, if any, between those answers and her answers given at her deposition.

The second category under *Briggeman* is evidence of a mere conviction which is not necessarily proof of guilt. For example, payment of a fine would fall into this category. Such evidence is inadmissible. *Briggeman*, 322 Md. at 137, 586 A.2d at 17. Mr. Albert's payment of a traffic citation, in *Briggeman*, fits into this category because it was tendered purely out of convenience. *Briggeman*, 322 Md. at 136, 586 A.2d at 16. While convenience may have been a factor motivating Dunn to enter a guilty plea, her express acknowl-

edgment in open court of guilt is far more significant than the payment of a fine. In *Briggeman* we said:

[A]n admission of guilt in the traffic court is admissible [as] evidence in a subsequent civil proceeding arising out of the same accident. The submission of payment personally or by mail in satisfaction of a traffic fine, however, is not the evidentiary equivalent of a guilty plea in open court. . . . The payment of a traffic fine is neither a guilty plea nor an express acknowledgment of guilt. . . . The classification of a traffic fine payment as a consent to conviction rather than a guilty plea is an important distinction. In Maryland, evidence of a conviction is inadmissible as substantive proof in a subsequent civil suit arising from the same incident as the criminal charge. . . . Payment of a traffic fine is a consent to conviction, and a conviction, even when entered by consent, is not admissible to prove liability.

*Briggeman*, 322 Md. at 135–137, 586 A.2d at 16–17. (Internal citations omitted.)

In addition, we disagree with the trial court's conclusion that evidence of what occurred in the District Court proceeding was not before the court. The court had the benefit of Dunn's answers to interrogatory No. 26 and her answers to deposition questions concerning the guilty plea. Dunn's assertions about her conduct and statements in the District Court, indeed, is evidence of what occurred in that proceeding. Undoubtedly, a transcript of the District Court traffic proceedings may have presented a more detailed statement than Dunn's pre-trial admissions. The burden of producing a transcript of the District Court proceedings, however, did not rest on Crane's shoulders. Generally, the burden of production rests squarely upon the proponent of the evidence. If Dunn wanted to offer into evidence the record of the District Court proceedings, she had the burden of producing a transcript. Crane was free, however, to offer into evidence proof of Dunn's statements as reflected in her answers to interrogatories and her answers to deposition questions by reading those answers into evidence in the presence of the jury.

Moreover, we pointed out in *Campfield v. Crowther*, 252 Md. 88, 101, 249 A.2d 168, 176 (1969) that the introduction into evidence of a transcript of a prior traffic court proceeding is not the only proper method of proving admissions of a party opponent made in the prior proceeding. In *Campfield* we held that the guilty pleas to traffic charges made by an attorney on behalf of his client during the traffic proceeding were binding on the client and admissible in subsequent litigation. On the issue of whether the testimony of the defendant alone was adequate proof of an admission, we said, "there may have been sufficient contradictory testimony from Defendant Hill to justify a finding by a jury that there was an admission against interest" when Hill admitted he was present during the traffic court proceedings, but initially indicated he did not remember the pleas his attorney entered on his behalf. Subsequently, Hill stated that his attorney in the traffic proceeding "told [him]" what charges the attorney pleaded guilty to, then later stated that his attorney "never told" him. *Campfield* 252 Md. 88, 101, 249 A.2d 168, 176.

█ Lastly, pursuant to Maryland Rule 5–803(a) (Statement by a Party–Opponent), a party is free to introduce anything an opposing party has said or done to prove the truth of the matter asserted. *McLain, Maryland Evidence*, § 801(4):1a (citing *Bartlett v. Wilbur*, 53 Md. 485, 497–498 (1880)). Such statements are admissible against a party, unless excluded by the court, under Maryland Rule 5–403 or case law. In this case, alternatively, Crane's counsel was free to use the deposition testimony of Dunn as substantive evidence and place the burden, tactically, on the defense to clarify the statements made in the answers to interrogatories and the deposition. *See, Snowhite v. State, Use of Tennant*, 243 Md. 291, 221 A.2d 342 (1966). Thus, all of Dunn's pretrial statements were admissible as substantive evidence at her civil trial.

### Maryland Rule 5–403

All relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair preju-

dice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.

Maryland Rule 5–403 codifies the inherent powers of trial judges to exercise discretion to exclude relevant, probative evidence that is unduly prejudicial, confusing, or time-consuming. *See, e.g., Briggeman, supra, State v. Watson,* 321 Md. 47, 57, 580 A.2d 1067, 1072 (1990); *Su v. Weaver,* 313 Md. 370, 545 A.2d 692 (1988). This Rule necessarily requires the trial judge to engage in a balancing test. The Rule does not, however, specify that the trial judge must state on the record the reasons for his or her decision to exclude evidence, even though that practice is preferable. We have said that the better practice for trial courts when applying the balancing test is to articulate on the record the reasons for the decision to exclude evidence. *See Streater v. State,* 352 Md. 800, 810, 724 A.2d 111 (1999) (in the context of applying Rule 5–404(b)). If the court intends to exclude otherwise admissible evidence, it may do so if the risk of unfair prejudice, confusion of the fact finder, or waste of time substantially outweighs the probative value of the evidence offered. *See Farley v. Allstate Ins. Co.,* 355 Md. 34, 42–43, 733 A.2d 1014, 1018 (1999); *Graves v. State,* 334 Md. 30, 40–43, 637 A.2d 1197, 1202 (1994) (internal citations omitted). In determining probative value, it is improper for the court to resolve issues of credibility or reliability, which are for the jury. *Rainey v. Conerly,* 973 F.2d 321, 326 (4th Cir.1992).

Here, the trial court stated its reasons on the record for its ruling, but did not engage in the balancing contemplated by Maryland Rule 5–403. The court determined that the facts surrounding the guilty plea were ambiguous and concluded that Dunn did not acknowledge guilt to negligent driving. The court reasoned that, assuming the guilty plea was entered, it was not an express acknowledgment of guilt because it was made as part of a plea bargain or as a convenience to Dunn. In our view, Dunn's version of what occurred during the traffic court proceedings did not warrant a finding that her acknowledgment of guilt was ambiguous. Her explanation

indicates that she entered into a compromise in traffic court. Her plea of guilty to negligent driving constitutes an acknowledgment of negligent driving and represents an admission of responsibility for the accident. If she did not intend for that to happen, she is free to explain or rebut that fact.[5] It is a matter within the province of the jury to weigh Dunn's credibility, and the trial judge invaded that province. Simply because the parties failed to offer into evidence a transcript of the traffic court proceedings, the court was incorrect in its assessment that Dunn's pretrial statements were insufficient proof of her guilty plea or an acknowledgment of guilt.

■ In our view, it was prejudicial error to exclude evidence of Dunn's plea to negligent driving. Crane and Dunn were the only witnesses to this accident. Evidence of the admission of Dunn, along with any other evidence of fault, was a matter for consideration by the jury. Of course, the admission in traffic court to negligent driving is not conclusive on the issue of negligence. The party against whom the evidence is offered is free to explain the circumstances under which the plea of guilty was entered, and the jury decides what weight, if any, to give that explanation. It was unfair to Crane for the court to exclude Dunn's guilty plea on the basis that it was an ambiguous statement of responsibility for the accident. Her admission in traffic court was substantive evidence. The trial court articulated no other reason for its decision and gave no reasons why the evidence was more prejudicial than probative. We have said that, "it is not the possibility but the probability of prejudice which is the object of the appellate inquiry." *State Deposit v. Billman,* 321 Md. 3, 17, 580 A.2d 1044, 1051 (1990). Crane had a right to show the jury that, previously, Dunn had taken responsibility for the accident, and Dunn had every right to explain or rebut that assertion. We cannot say

---

5. At oral argument, Dunn's counsel asserted it would constitute a hardship for Dunn to explain or rebut the guilty plea because the parties agreed that there would be no mention of alcohol in the civil case. Counsel overlooks, however, that Dunn would not have to mention the specific charges that were *nolle prossed* in exchange for her guilty plea. She need only say that other charges were dropped.

that the exclusion of her admission did not affect the outcome of the trial. Therefore, we hold that the trial court erred in granting the motion in *limine* excluding evidence of the guilty plea, and because the judge failed to properly exercise the discretion embodied in Rule 5–403, we are compelled to reverse.

**JUDGMENT OF THE CIRCUIT COURT FOR CAROLINE COUNTY REVERSED. CASE REMANDED TO THAT COURT FOR A NEW TRIAL. APPELLEE TO PAY COSTS.**